175 N.J. Super. 533 (1980)
420 A.2d 1033
JOSEPH C. HORNER, PLAINTIFF-APPELLANT,
v.
THE TOWNSHIP COMMITTEE OF THE TOWNSHIP OF OCEAN, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY; MAYOR EUGENE BOCCHIO AND COMMITTEEMAN DONALD J. CLAYTON, INDIVIDUALLY, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued September 23, 1980.
Decided October 3, 1980.
*534 Before Judges MATTHEWS, MORGAN and MORTON I. GREENBERG.
William T. Hiering, Jr., argued the cause for appellant (Hiering, Grasso, Gelzer & Kelaher, attorneys).
*535 Robert A. Gasser argued the cause for respondent.
Saul A. Wolfe argued the cause for amicus curiae Association of Municipal Assessors of New Jersey (Skoloff & Wolfe, attorneys).
The opinion of the court was delivered by MORTON I. GREENBERG, J.A.D.
Plaintiff, the tax assessor of the Township of Ocean, brought this action against defendant officials of the township.[1] Plaintiff alleged that defendants were harassing him and interfering with his performance in carrying out his duties as tax assessor. He sought injunctive relief against them. They counterclaimed, requesting an order compelling him to establish office hours consistent with his compensation or alternatively removing him from office.[2] The trial judge on defendants' motion for summary judgment determined that plaintiff should have regular office hours and defendants were directed to establish them by ordinance. Plaintiff's accusations and allegations of harassment were dismissed with prejudice. Ultimately, after a motion for rehearing of the summary judgment application, the trial judge himself, by an order dated September 26, 1979, fixed the hours for plaintiff to have office hours. The hours were 8:30 a.m. to 10:00 a.m., Monday through Friday, and from 9:00 a.m. to 12:00 noon on Saturday. In addition, plaintiff was directed to devote five hours weekly to field work and related tasks. The judge reached this decision largely on the basis of oral testimony from plaintiff himself describing his duties. Plaintiff appeals from the order of September 26, 1979.
Though there are disputes between the parties as to the availability of plaintiff to the public, the germane facts necessary *536 to resolve this appeal are not in dispute. Plaintiff has been Ocean Township tax assessor since 1972. The assessor's office is located in the township hall. In 1968 the township by ordinance fixed the assessor's office hours as 6:30 p.m. to 8:30 p.m. on Wednesdays and Thursdays. On January 1, 1973 an assistant for the office was appointed. Her hours were established as 9:00 a.m. to 3:00 p.m., Monday through Friday. The assistant kept the office open and, according to plaintiff, did "all of the paper work and administrative work of the Assessor." Starting in 1962 and until the events giving rise to this litigation, plaintiff maintained office hours on Thursday evenings from 7:00 p.m. to 10:00 p.m. In addition, plaintiff does field work, inspecting properties and buildings. While this schedule did not comply with the ordinance, apparently the parties informally agreed to it.
In December 1978 plaintiff became full-time tax assessor in Stafford Township. Nevertheless, he continued as part-time assessor in Ocean Township. His hours in Stafford Township were set at 8:30 a.m. to 4:30 p.m., Monday through Friday. He is paid $15,177 annually by Stafford Township and $9,900 annually by Ocean Township.
The dispute generating this litigation dates from an ordinance adopted by Ocean Township in January 1979 establishing the hours of the tax assessor's office as 8:30 a.m. to 4:30 p.m. from Monday through Friday. Subsequently, defendants effectively precluded plaintiff from holding public office hours on Thursday evenings by adopting a resolution on February 8, 1979, which excluded the public from the township hall from 5:00 p.m. to 8:00 a.m. unless accompanied by a township committeeman. On March 1, 1979, the township committee passed a resolution discharging the office assistant.[3] According to plaintiff, "the obvious effect of this action by the Township Committee was to shut down the full-time operation of the assessor's office and to *537 force me to do all of the administrative work which my office assistant had been doing...." Plaintiff did not comply with the new ordinance but, starting February 3, 1979 and continuing at least to the time of the proceedings in the trial court, he increased his office hours by adding Saturday mornings from 9:00 a.m. to 12:00 noon to his Thursday evening hours.
In granting summary judgment against plaintiff the trial judge in his oral opinion stated:
The Court makes a finding as a matter of law that the governing body has the power pursuant to [N.J.S.A.] 40A:9-146 to adopt an ordinance fixing the amount of compensation and terms of the part-time assessor, tax assessor, that that is not contrary or in violation of Title 54 or the holding of the unreported Law Division case of Paterson versus Rooney, which was referred to by counsel for the plaintiff.[4]
On this appeal the basic questions to be determined are whether the municipality has threshold power to regulate the assessor's hours and, if so, whether the State has preempted the power. Both the municipality and the State have some role in the office of assessor. A tax assessor is appointed by the municipality in which he serves. N.J.S.A. 40A:9-146; N.J.S.A. 40A:9-148. In addition, the municipality by ordinance fixes his compensation, which may be increased, decreased or altered except that the compensation of a tax assessor may not be reduced during his term of office. N.J.S.A. 40A:9-146; N.J.S.A. 40A:9-165. The municipality, however, is restricted in its appointment to persons who have received a tax assessor certificate from the Director of the Division of Taxation of the Department of the Treasury. N.J.S.A. 54:1-35.30. If a tax assessor attains a tax assessor certificate and completes not less than four years in office, he will upon reappointment attain tenure in office and hold his position during good behavior. Thereafter he can be removed only for good cause after a hearing before the Director of the Division of Taxation or his designee. N.J.S.A. 54:1-35.31. The statutory scheme with respect *538 to the appointment, tenure and removal of an assessor thus reflects a system in which both the municipality and the State participate.
In the overall performance of his duties the assessor is undoubtedly an agent of the Legislature. Ream v. Kuhlman, 112 N.J. Super. 175, 190 (App.Div. 1970). A tax assessor's basic obligation is to "determine the full and fair value of each parcel of real property situate in the taxing district at such price as, in his judgment, it would sell for at a fair and bona fide sale by private contract...." N.J.S.A. 54:4-23. In carrying out these functions he is subject to investigation by the Director of the Division of Taxation with respect to his methods. N.J.S.A. 54:1-26. The Legislature has established dates for the valuation of property and for the filing of the assessor's list with the county board of taxation. N.J.S.A. 54:4-35. The assessor is directed to give public notice of his assessment list and to give the public an opportunity to inspect it. N.J.S.A. 54:4-38. The Legislature also requires that the assessor perform duties with respect to exemptions, N.J.S.A. 54:4-4.4; farm land assessments, N.J.S.A. 54:4-23.15a, N.J.S.A. 54:4-23.13b, and new construction, N.J.S.A. 54:4-63.2, N.J.S.A. 54:4-63.3. But the Legislature has not directed that the assessor's office be physically separate and apart from the offices of other municipal officials. Nor has it made provision for the payment of his salary by the State. No statute explicitly sets or makes provision for the establishment of his office hours.
The assessor must comply with certain directions of the county tax board, county tax administrator and the Director of the Division of Taxation pursuant to N.J.S.A. 54:3-16, which provides as follows:
Each county tax administrator under the supervision and control of the county board of taxation, shall be responsible for the administrative functions of the board, and, pursuant to such supervision and control, shall direct all officers charged with the duty of making assessments for taxes in every taxing district in the county. Such officers shall be subject to, and shall, in making assessments, be governed by directions issued by the county tax administrator pursuant to such rules and orders as shall be issued by the county board, in the enforcement of the objects of this title. Before making any such rules or orders, the county board shall submit them to the Director of the Division of Taxation, *539 and no rule or order shall be considered adopted by the county board until approved by him. Each county board shall, within 90 days of the effective date of this amendatory and supplementary act, promulgate rules governing the conduct and performance of such officers. If such rules are not promulgated within the time set forth herein, the conduct and performance of such officers shall be governed by such rules as the Director of the Division of Taxation shall promulgate, which rules shall be enforced by the county board.[5]
It will be noted that N.J.S.A. 54:3-16 provides that the assessor shall be governed by directions by the county tax administrator in making assessments. These directions are pursuant to rules adopted by the county tax board. Thus, when N.J.S.A. 54:3-16 authorizes the board to "promulgate rules governing the conduct and performance" of assessors, the Legislature clearly intended to mean rules concerned with the making of assessments. The section must be read as an entirety. There is thus no suggestion in the section that the assessor's office hours will be subject to the directions of the county tax administrator.
The total statutory plan makes it evident that for some purposes assessors must be regarded as municipal officials but for other purposes are state officials. Such dual treatment is by no means unique. Cashen v. Spann, 66 N.J. 541, 552 (1975), cert. den. 423 U.S. 829, 96 S.Ct. 48, 46 L.Ed. 46 (1975); Godfrey v. McGann, 37 N.J. 28, 35-36 (1962).
We have no doubt that notwithstanding the limited role the municipalities have with respect to the assessors, nevertheless they have the power to set reasonable hours for work for them. Certainly, since the municipality determines the compensation of the assessors under N.J.S.A. 40A:9-146 and N.J.S.A. 40A:9-165, this power should be inferred, for it is difficult to conceive of how a reasonable salary can be established without regard for the time that the assessor is employed. In addition, as in Ocean Township, the assessor would ordinarily work in a municipal building with other employees. If the municipality *540 cannot set his office hours but rather is forced to accept such schedule as he himself proposes, it may be compelled to keep a building open and heated, with security provided, beyond ordinary business hours. Further, a regular schedule facilitates performance of custodial service. Denial of municipal power to set the assessor's hours would not be consistent with its management control of its property. N.J.S.A. 40A:12-3(a) permits a municipality to ...
acquire, construct and maintain such buildings or other capital improvements as may be necessary and suitable for the performance of its functions, the accommodation of the courts required to be held in the county or municipality, the conduct of public business and the use of the county and municipal departments, officers, boards, commissions and agencies in charge of institutions and facilities and any other county or municipal public purposes.... [Emphasis added]
N.J.S.A. 40:48-1 provides that the governing body may by ordinance manage the real property of the municipality. Further, the New Jersey Constitution provides as follows:
The provisions of this Constitution and of any law concerning municipal corporations formed for local government, or concerning counties, shall be liberally construed in their favor. The powers of counties and such municipal corporations shall include not only those granted in express terms but also those of necessary or fair implication, or incident to the powers expressly conferred, or essential thereto, and not inconsistent with or prohibited by this Constitution or by law. [Art. IV, § VII, par. 11]
It hardly requires a liberal construction of the municipal powers to find that the municipality may regulate office hours within its buildings. In the circumstances, we are satisfied that the municipality has the power to pass reasonable ordinances regulating the hours of assessors in furtherance of its power to appoint assessors and control municipal property.
A determination, however, that the municipality has power to regulate the hours of the assessors does not conclude our inquiry because the power which it might otherwise have could be preempted by the State. The principle of preemption is founded upon the proposition that the "municipality may not exert the delegated police power in terms which conflict with a State statute, and hence a municipality may not deal with a subject if the Legislature intends its own action, whether it exhausts the field or touches only part of it, to be exclusive and therefore to bar municipal legislation." State v. Ulesky, 54 N.J. *541 26, 29 (1969). In Overlook Terrace Management Corp. v. West New York Rent Control Bd., 71 N.J. 451 (1976), the Supreme Court indicated that the pertinent questions for consideration in determining whether municipal action is preempted are as follows:
1. Does the ordinance conflict with state law, either because of conflicting policies or operational effect (that is, does the ordinance forbid what the Legislature has permitted or does the ordinance permit what the Legislature has forbidden)?
2. Was the state law intended, expressly or impliedly, to be exclusive in the field?
3. Does the subject matter reflect a need for uniformity?
4. Is the state scheme so pervasive or comprehensive that it precludes coexistence of municipal regulation?
5. Does the ordinance stand "as an obstacle to the accomplishment and execution of the full purposes and objectives" of the Legislature? [at 461-462; citations omitted]
Within the terms of Overlook we see no preemption. Certainly, establishing the hours of an assessor does not conflict with any state law. Indeed, if the hours are inadequate to permit the assessor to carry out his functions, he could work overtime. There is no reason to believe that state law is intended to be inclusive with respect to the hours of the assessor since state law does not touch upon the subject at all. Indeed, proper administration of the municipality may require that the assessor's hours be harmonized with those of other municipal employees. We discern no need for state-wide uniformity with respect to assessor's hours, for conditions vary from municipality to municipality. We see nothing in the state scheme that renders it so comprehensive or pervasive that it precludes coexistence of municipal regulation. Quite to the contrary, the Legislature has left to the municipality the function of establishing the salary of the assessor and, indeed, increasing it when appropriate. Nor do we find anything in the concept of the regulation of hours by the municipality that works as an obstacle to the carrying out of the assessor's functions as established by the Legislature. Finally, we are aware of no regulation of either the county tax board or the Director of the Division of Taxation which attempts to establish hours for the assessor, although we were advised at oral argument that such regulations have been proposed.
*542 We note that in this case the court set the hours. But while we affirm its action, we do not suggest that the municipality is precluded from amending its ordinance so as to establish other reasonable hours. While plaintiff asserts that the hours previously set are unreasonable, we are satisfied that this perception derives not from the hours themselves but from the fact that he desires to be a full-time assessor in another municipality. While we suggest no impropriety in his conduct, we fail to see why hours that are otherwise appropriate should not be adopted because of a personal problem of this kind.
The judgment of the Superior Court, Law Division, is affirmed.
NOTES
[1] When plaintiff was initially appointed the Township of Ocean had a board of assessors of taxes. N.J.S.A. 40A:9-146. But plaintiff has been regarded by the parties as the tax assessor since 1972. See N.J.S.A. 40A:9-148.
[2] A second count of the counterclaim alleged that plaintiff had libeled defendant Mayor Eugene Bocchio. But this count was dismissed and no appeal was taken from the dismissal. Thus we need not consider it.
[3] In plaintiff's brief on this appeal he complains of the abolition of this position. But we do not deal with this issue as it was not raised in the complaint.
[4] Docket No. L-2266-72 P.W., decided June 20, 1973. This decision emphasized the independence of assessors but did not deal with the precise issue before us.
[5] N.J.S.A. 54:3-16 was amended by L. 1979, c. 499, § 10, effective January 1, 1980 after the decision of the trial court. We consider the section in its current form.