HOPKINS, J.T.C.
(temporarily assigned).
Plaintiffs have brought this action in lieu of prerogative writs by way of a verified complaint and an order to show cause why defendants should not be restrained from enforcing certain resolutions which are alleged to improperly interfere with the statutory duties of the office of the tax assessor of Jersey City. Plaintiffs also seek an order to require defendant, Jersey City, to appeal judgments of the Hudson County Board of Taxation *316 which reduced various assessments. The judgments are alleged to have been the result of Jersey City failing to provide plaintiff-assessor with necessary assistance to defend the assessments in appeals to the county board.
Margaret Jeffers is the assessor for the taxing district of Jersey City. The basic question involved is to what extent the municipality has the power to direct an assessor in the performance of her duties as well as to withhold expert assistance when her assessments are appealed to the county board.
Tax assessors are appointed by the municipality in which they serve. N.J.S.A. 40A:9-146; N.J.S.A. 40A:9~148. In addition, the municipality by ordinance fixes the assessors’ compensation, which may be increased, decreased or altered except that it may not be reduced during their terms of office. N.J.S.A. 40A:9-146; N.J.S.A. 40A:9-165. The municipality, however, is restricted in its appointment powers to persons who have received a tax assessor’s certificate from the Director of the Division of Taxation of the Department of the Treasury. N.J. S.A. 54:1-35.30. If tax assessors have a tax assessor’s certificate and complete not less than four years in office, they will, upon reappointment, attain tenure in office and hold their position during good behavior. Thereafter, an assessor can be removed only for good cause after a hearing before the Director of the Division of Taxation or his designee. N.J.S.A. 54:1-35.31. The statutory scheme with respect to the appointment, tenure and removal of an assessor reflects a system in which both the municipality and the State participate. Warner v. Ocean Tp. Comm., 175 N.J.Super. 533, 537-538, 420 A.2d 1033 (App.Div.1980).
In the overall performance of their duties, assessors are agents of the Legislature. Ream v. Kuhlman, 112 N.J.Super. 175, 190, 270 A.2d 712 (App.Div.1970). As such, the assessor’s basic obligation is to “determine the full and fair value of each parcel of real property situate in the taxing district at such price as, in his judgment, it would sell for at a fair and bona fide sale by private contract....” N.J.S.A. 54:4-23. In carry *317 ing out these duties, they are subject to investigation by the Director of the Division of Taxation with respect to their methods. N.J.S.A. 54:1-26. Further, the assessor must comply with the directions of the county tax administrator who, in turn, is charged with carrying out such functions under the supervision and control of the county board of taxation. N.J. S.A. 54:3-16.
The above shows that for some purposes, assessors must be regarded as municipal officials, while, for other purposes, they are state officials. Warner v. Ocean Tp. Comm., supra 175 N.J.Super. at 539, 420 A.2d 712. However, the power of taxation is exclusively a legislative function. Arace v. Irvington, 75 N.J.Super. 258, 266, 183 A.2d 104 (Law Div.1962). Accordingly, when assessing property, the assessor performs a governmental function and acts as an agent of the Legislature. As such, the municipality has no authority to interfere with the assessor’s judgment in the assessing process.
Applying the above principles to the resolutions under review, attention is first directed to the resolutions known as 10Y and 10Z which were passed at the municipal council meeting on November 27, 1985. Resolution 10Y attempted to direct the city tax assessor to rollback certain assessments for the tax year 1986 to the 1984 tax level. Resolution 10Z directed the assessor to immediately cease reassessing any residential properties based solely on a recent sales price of the property itself or neighboring properties and directs that any reassessments based on selling prices be postponed until a city-wide assessment was implemented. Those resolutions were directed toward an activity of the assessor which was in performance of her legislative duties rather than her municipal duties. Accordingly, they are void and have no effect upon such legislative functions of the assessor.
The remaining resolution is designated 10F. It was adopted by the municipal council of Jersey City on September 12, 1985. That resolution, which authorized an expenditure of funds to assist the assessor in the defense of assessment appeals to the county board, specifically precluded assistance in defense of *318 assessments which had been increased as a result of recent sales. Plaintiffs attack the restriction on the services authorized and allege that such restriction precluded the assessor from properly presenting her position in defense of the assessments. Those hearings have now been held and protective appeals are pending with the Tax Court.
A review of the statutorily prescribed duties of the assessor shows that her primary function was complete at the time the assessments were made and approved by the county board. The appeal process by those taxpayers who disagreed with the assessments took place at a later date.
In the appeal proceedings before the county board, the assessor had the duty to supply all information in her possession in support of the assessment. However, there is no statutory requirement that the municipality participate in such proceedings, either directly or through the authorization of technical assistance to the assessor. If the municipality, in its discretion, does participate in the appeal process, it is free to take a position which is inconsistent with the assessment. At that time the county board is the final arbiter, within the administrative process, to determine the appropriate assessment. N.J.S.A. 54:3-21.
The freedom to determine whether or not to participate or to authorize technical assistance is consistent with a municipality’s sole power to manage, regulate and control its finances. N.J.S.A. 40:48-1. Plaintiffs cite no authority which would authorize an assessor to compel a municipality to expend funds in defense of an assessment with which the municipality may not agree.
Plaintiffs mistakenly rely upon Clinton Tp. Citizens Comm. v. Clinton Tp., 185 N.J.Super. 343, 448 A.2d 526 (Law Div. 1982), in support of their position that the assessor has such authority. However, that case shows that while various assessment appeals were pending in the Tax Court, there were new members elected to the municipal council on a political platform whereby they promised to terminate the appeals which had been initiated by the municipality. The attempted withdrawal *319 of the appeals was opposed by a citizens group. The facts showed that two of the municipal council members who voted for such withdrawals, had their own personal cases involved. The court held that where there was an obvious conflict of interest with respect to members of the governing body, such withdrawals would be reviewed within the discretion of the court. In denying the withdrawal, the court based its decision upon that conflict of interest rather than on any authority of the assessor. Here, there is no showing that any member of the governing body of Jersey City was involved in any such conflict of interest.
In view of the above, the resolution which precluded expert assistance in defending those assessments with which the governing body of Jersey City disagreed was an appropriate exercise of the governing body’s authority in the expenditure of municipal funds.
Since protective appeals were required to be filed on all disputed cases, the municipality will advise the Clerk of the Tax Court within ten days from the receipt of this opinion as to whether it wishes to pursue any such appeals.
Defendants will submit an appropriate form of order, consistent with the above, within the provisions of the five day rule.