214 N.J. Super. 584 (1987)
520 A.2d 797
MARGARET JEFFERS, TAX ASSESSOR OF THE CITY OF JERSEY CITY, ASSOCIATION OF MUNICIPAL ASSESSORS OF NEW JERSEY, A CORPORATION NOT FOR PROFIT, AND R.K.R. REALTY ASSOCIATES, A NEW JERSEY PARTNERSHIP, PLAINTIFFS-APPELLANTS,
v.
CITY OF JERSEY CITY, A MUNICIPAL CORPORATION, DEFENDANT-RESPONDENT, AND THE HUDSON COUNTY BOARD OF TAXATION, DEFENDANT.
Superior Court of New Jersey, Appellate Division.
Argued December 9, 1986.
Decided January 12, 1987.
Before Judges ANTELL, BRODY and LONG.
Edward G. Rosenblum argued the cause for appellants (Rosenblum & Rosenblum, attorneys; Edward Rosenblum of counsel and on the brief; Kendra Golden on the brief).
Robert T. Pickett argued the cause for respondent City of Jersey City.
PER CURIAM.
This litigation arose out of a dispute between the Municipal Council of the City of Jersey City and plaintiff Margaret Jeffers, the city's tax assessor. The assessor raised the assessments *585 of 2,000 properties for the year 1986 based upon recent sales data. The Council viewed these increases as unfair "spot" assessments because assessments of all properties in the city were outdated and a city-wide revaluation was planned for the following year. Seven hundred forty tax appeals followed the assessor's action, an increase of almost 450 over the previous year.
The Council responded by adopting three resolutions: one directed the assessor to "roll back the spot assessments for tax year 1986," the second directed the assessor to "cease re-assessing any residential properties based solely on recent sales price" and ordered that "any reassessing of properties based upon selling prices should be postponed until the city-wide reassessment which will take place shortly," and the third engaged a real estate appraiser "to inspect, value and testify" before the county board regarding the value of properties that were the subject of tax appeals except "the properties that were reassessed as a result of recent sales...."
In an opinion reported at 8 N.J. Tax 313 (1986), the law division invalidated the first two resolutions as unlawful interferences with the assessor's exclusive statutory duty to assess, but validated the last resolution as the proper exercise of the Council's authority to determine how to spend municipal revenues. The assessor appeals the last determination.
We affirm the judgment of the law division substantially for the reasons given by Judge Hopkins in his reported opinion. We need not consider in this case whether a governing body must provide assistance to an assessor in making and defending particularly complex assessments. The assessor raised the assessments in question based solely upon recent sales data and she did not offer any special reason why she needed assistance in defending them.
Affirmed.