281 N.J. Super. 492 (1994)
658 A.2d 1276
F. WILLIAM MITCHELL, PLAINTIFF-APPELLANT,
v.
CITY OF SOMERS POINT AND DIANE R. HESLEY, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued February 8, 1994.
Decided March 14, 1994.
*494 Before Judges BROCHIN and KLEINER.
Harry Haushalter argued the cause for appellant (Conley & Haushalter, attorneys; Mr. Haushalter, on the brief).
James F. Ferguson argued the cause for respondent City of Somers Point (Roger C. Steedle, attorney; Mr. Ferguson, on the brief).
Keith A. Szendrey argued the cause for respondent Diane R. Hesley (Todd & Gemmel, attorneys; Daryl F. Todd, on the brief).
The opinion of the court was delivered by KLEINER, J.A.D.
F. William Mitchell, a certified part-time tax assessor, filed a verified complaint in lieu of prerogative writs to temporarily and permanently restrain his employer, defendant City of Somers Point, from taking any action which might interfere with his employment as a tenured part-time municipal employee. The complaint was prompted by the City's announced intention to increase the hours of employment of its tax assessor so as to *495 render that position full-time. Plaintiff's application for injunctive relief was denied.
Thereafter, defendant by resolution increased the hours of employment of the tax assessor. It offered this full-time position to plaintiff but, for reasons discussed infra, plaintiff declined. The City proceeded to hire Diane R. Hesley as its full-time tax assessor. Plaintiff, with leave of court, filed an amended complaint and joined Hesley as a party defendant. Plaintiff sought to declare that defendant City lacked the requisite authority to increase the hours of the tax assessor as that action effectively removed plaintiff from that position. After issue was joined and the time for discovery expired, plaintiff moved for summary judgment and each defendant cross-moved for the same relief.
The motion judge granted defendants' cross-motions and concluded that Somers Point had the absolute authority to establish full-time hours for its tax assessor provided that its decision was not politically motivated or motivated by bad faith. Based upon the pleadings and affidavits filed, the court concluded that plaintiff had failed to raise any material issue demonstrative of bad faith on the part of defendant Somers Point and therefore, a plenary hearing on the issue of bad faith was not required. Accordingly, the complaint was summarily dismissed. Plaintiff appeals and we affirm.
It is undisputed that plaintiff has been employed as a part-time tax assessor since his initial appointment on January 1, 1982. His hours were 9:00 a.m. to 4:00 p.m., two days each week at an initial salary of $10,575 per annum. As a part-time employee, plaintiff was able also to accept employment one day each week with the City of Northfield, earning $12,500 per annum; two days per week with the Township of Upper Township, earning $20,000 per annum; and with the City of Estell Manor, two evenings per month, earning $8,600 per annum. Plaintiff's additional positions have never interfered with his job performance in Somers Point, and plaintiff's affidavits demonstrate that his employment record since 1982 has been impeccable.
*496 On March 9, 1992, plaintiff received an informal memorandum from Somers Point City Administrator, Judson Moore, Jr., that the City intended to engage a full-time assessor at an annual salary of $43,430, plus medical benefits, and that the position would be offered to plaintiff. As the full-time salary in Somers Point would be less than the aggregate salaries earned on a part-time basis, plaintiff was not interested in accepting this informal offer. Plaintiff informed Moore of his decision and questioned the need for a full-time assessor. Plaintiff also opined that the hiring of a clerical assistant, a position which existed from 1982 to March 1991 but which was abolished, would fulfill the needs of the tax assessor's office at a total cost lower than the intended salary to be paid to a full-time assessor.
On March 30, 1992, plaintiff received another offer to accept the proposed full-time assessor position and was advised that defendant intended to advertise for that position effective April 3, 1992 if plaintiff rejected the offer. Thereafter, on April 24, 1992, plaintiff was notified that a full-time assessor had been hired effective June 1, 1992, and that plaintiff's position as part-time assessor would terminate May 29, 1992.
The lengthy affidavits submitted by plaintiff essentially reduce to the following:
(a) Statistically and based upon a dormant real estate market in Somers Point, there is no evidence to support the concept that a full-time assessor is warranted in the municipality.
(b) As a part-time assessor, plaintiff's job performance has been exemplary, as certified in a supporting affidavit of the Tax Administrator of the Atlantic County Board of Taxation.
(c) The City Administrator had displayed an "indifferent, cold attitude" to plaintiff since June 21, 1991, when plaintiff testified at a grievance hearing instituted by his former clerical assistant arising from the abolishment of her position, which testimony was derogatory toward City Administrator Moore.
*497 Somers Point in response and in support of its own cross-motion filed certifications of councilmen as to the rationale for the decision to employ a full-time tax assessor. These affidavits disavowed any political motivation in the City's decision and any animus towards plaintiff. In fact, the affidavits were laudatory of plaintiff's job performance in a part-time capacity. Additionally, an affidavit of Administrator Moore specifically disavowed any animus to plaintiff and in essence characterized plaintiff's conclusion that he (Moore) was acting "cold and indifferent" as being a personal but unwarranted perception of plaintiff.
N.J.S.A. 40A:9-145.8 provides in part:
Notwithstanding the provisions of any other law to the contrary, any person who:
a. Shall be reappointed tax collector subsequent to having received a tax collector certificate pursuant to section 3 or 4 of this act and having served as tax collector or performed the duties of tax collector for not less than 4 consecutive years immediately prior to such reappointment; or,
b. Shall have acquired tenure; shall hold office during good behavior and efficiency, notwithstanding that such reappointment was for a fixed term of years; and he shall not be removed therefrom for political reasons but only for good cause shown and after a proper hearing before the director or his designee. The removal of a municipal tax collector shall be only upon a written complaint setting forth with specificity the charge or charges against him. The complaint shall be filed with the municipal clerk and the director and a certified copy thereof shall be served upon the person so charged, with notice of a designated hearing date before the director or his designee, which shall be not less than 30 days nor more than 60 days from the date of service of the complaint.... The person so charged and the complainant shall have the right to be represented by counsel and the power to subpena [sic] witnesses and documentary evidence together with discovery proceedings.
[Emphasis added. See also N.J.S.A. 54:1-35.31.]
Based upon this statute, plaintiff contends that defendant had no authority to remove him from office as that authority is vested solely in the Director of Taxation after a hearing in which good cause for removal is demonstrated.
Plaintiff's analysis of the statute is superficial. The motion judge properly concluded that the action of the municipality was not an attempt to remove plaintiff from office, but was merely an action taken by it to increase the hours of employment of its tax assessor from a part-time basis to a full-time position. We agree.
*498 Plaintiff's initial complaint sought to enjoin the City from taking action which would interfere with plaintiff's continued enjoyment of his tenured part-time position on the ground that his removal had not been ordered by the Director of Taxation after a complaint was filed and a hearing held. Plaintiff's amended complaint sought to reinstate him to the position of part-time assessor.
Jurisdictionally, the Director of Taxation only has authority to conduct a hearing and to issue subpoenas to determine if there is good cause, which is not politically motivated, for the removal of a tenured tax assessor after a complaint is filed seeking the removal of the assessor. N.J.S.A. 54:1-19; N.J.S.A. 54:1-35.31. The Director has no authority to enjoin a municipality from taking action nor to adjudicate whether the action taken by it was lawful. That authority is vested in the court through its general jurisdiction pursuant to a complaint in lieu of prerogative writs. R. 4:69. The plaintiff's amended complaint was a traditional prerogative writ complaint to test the validity of the action of a municipal government. In this instance, it raised the legal question, does the municipality have the authority to change the hours of its tax assessor or, stated alternatively, is a change in the hours of a tax assessor equivalent to the removal of the assessor from office? By posing the question, plaintiff in essence alleged that if the court declares the municipal action to be an act of removal of the part-time assessor from office, then its action was violative of N.J.S.A. 40A:9-145.8, as that authority is vested in the Director of Taxation after a formal written complaint is filed. We therefore agree with the motion judge that the jurisdiction to determine the nature of the municipal government action was vested in the Superior Court, Law Division.
A municipal government is vested with authority to appoint and set the compensation of a tax assessor, N.J.S.A. 40A:9-146, and may increase, decrease or alter the assessor's salary. N.J.S.A. 40A:9-165. In Horner v. Ocean Tp. Comm., 175 N.J. Super. 533, 539, 420 A.2d 1033 (App.Div. 1980), we concluded those powers permit a municipality to set reasonable hours of the tax assessor:

*499 We have no doubt that notwithstanding the limited role the municipalities have with respect to the assessors, nevertheless they have the power to set reasonable hours for work for them. Certainly, since the municipality determines the compensation of the assessors under N.J.S.A. 40A:9-146 and N.J.S.A. 40A:9-165, this power should be inferred, for it is difficult to conceive of how a reasonable salary can be established without regard for the time that the assessor is employed.
The plaintiff argued that Horner v. Ocean Tp. Comm., id., supported his position that the trial court was required to conduct a plenary hearing to determine whether there is a genuine need for a full-time tax assessor in Somers Point. It was plaintiff's contention that the announced need for a full-time assessor was pretextual as a mechanism for his removal from office. The motion judge disagreed and in his oral opinion indicated that Horner v. Ocean Tp. Comm., id., was not applicable to the case as presented. We disagree with that conclusion of the motion judge, as we find our decision in Horner quite relevant. A municipality has the power to pass ordinances regulating the hours of its assessor in furtherance of its power to appoint the assessor and to establish his salary and, as noted, as part of its general power to control municipal property Id. at 540, 420 A.2d 1033.
We note that this decision is totally consistent with the hybrid nature of the position of municipal tax assessor. The responsibilities of the assessor are independent of control by the municipal government. Jeffers v. City of New Jersey, 8 N.J. Tax 313 (1986), aff'd, 214 N.J. Super. 584, 520 A.2d 797 (App.Div. 1987); Mun. Assessors of N.J. v. Mullica Tp., 225 N.J. Super. 475, 481-82, 542 A.2d 970 (Law Div. 1988); Clinton Tp. Citizen's Comm. v. Clinton Tp., 185 N.J. Super. 343, 353, 448 A.2d 526 (Law Div. 1982); Arace v. Irvington, 75 N.J. Super. 258, 269, 183 A.2d 104 (Law Div. 1962).
The hybrid nature of the position of municipal tax assessor is evident from the fact that the duties of office, the method of assessment, and the manner of assessment and recordation are governed by the Director of Taxation. See N.J.S.A. 54:1-6 to -30. The municipality provides the personnel and the mechanics of the office to its personnel. Once appointed, the functions and activities *500 of the office are within the jurisdiction of the Director of Taxation.
Even if the decision to increase the assessor's hours was a sham designed to oust plaintiff from office, the issue of the validity or propriety of the municipal action would be within the jurisdiction of the court by a prerogative writ proceeding. The jurisdiction of the Director of Taxation to conduct a hearing as to the removal of a tax assessor is limited to instances where a complaint is lodged against an assessor encompassing the performance of his duties. Where the complaint is found to be predicated on appropriate grounds, the assessor may be removed. If the complaint is motivated in bad faith or for political reasons, the complaint will not be sustained and the assessor will not be removed from office.
Here the issue was not removal of plaintiff from office. It involved the propriety of a municipal ordinance. Was its passage arbitrary, capricious or unreasonable, or ultra vires? Like any other complaint, a prerogative writ complaint may be dismissed summarily, R. 4:69, where the pleadings, affidavits and answers to interrogatories fail to raise a genuine issue of material fact. R. 4:46-2. In this instance, the only fact alleged by plaintiff as to bad faith on the part of the City was the speculative inference that the City Administrator, due to perceived personal animus toward plaintiff, influenced the Somers Point City Council to adopt an ordinance creating the position of full-time assessor. That allegation is "insubstantial," "fanciful," and "merely suspicious," and summary judgment may be entered. Judson v. Peoples Bank & Trust Co. of Westfield, 17 N.J. 67, 75, 110 A.2d 24 (1954); see also Sokolay v. Edlin, 65 N.J. Super. 112, 130, 167 A.2d 211 (App.Div. 1961).
Although in a case somewhat similar to this, Geraghty v. Berkeley Heights Tp., 259 N.J. Super. 350, 613 A.2d 497 (Law Div. 1990), aff'd, 259 N.J. Super. 327, 613 A.2d 485 (App.Div. 1992), summary judgment was denied and the issue of bad faith was submitted to the trier of fact, the court in Geraghty stressed that the allegations of the complaint in that case warranted a denial of *501 summary judgment relief. The record on the appeal here does not allow us to reach the same conclusion as to Mitchell's complaint.
Plaintiff also cites to Geraghty v. Berkeley Heights Tp., id., in support of his contention that he had a right to a hearing on the factual question as to the need for a full-time assessor in Somers Point. The question of whether the City's decision was prudent is not an issue for judicial review in a proceeding in lieu of prerogative writs which is designed to determine arbitrary, capricious, or unreasonable governmental action. R. 4:69.
The procedural facts of Geraghty are quite distinct from the facts sub judice, as the pleadings here are devoid of any fact which would permit even an inference that the decision to increase the hours of tax assessor was designed to oust plaintiff from office, was politically motivated, or otherwise premised on the "bad motives" of the Somers Point councilmen. The wisdom of the decision to increase the hours of the tax assessor with its concomitant increase in salary expenditure is not subject to judicial overview and is within the purview of the citizenry through the electoral process.
The denial of plaintiff's motion and the grant of summary judgment to defendants on their respective cross-motions is affirmed.