739 A.2d 409

TRINITY CEMETERY ASSOCIATION, INC. PLAINTIFF–RESPON-
DENT, v. THE TOWNSHIP OF WALL (INCORRECTLY DESIG-
NATED AS MAYOR AND COUNCIL OF WALL, MONMOUTH
COUNTY, NEW JERSEY), DEFENDANT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued September 21, 1999—Decided October 15, 1999.

Before Judges PETRELLA and BRAITHWAITE.

*William Wolf* argued the cause for appellant (*Bathgate, Wegener & Wolf*, attorneys; *Joseph L. Foster*, on the brief).

*George T. Dougherty* argued the cause for respondent (*Katz & Dougherty*, attorneys; *Mr. Dougherty*, on the brief).

The opinion of the court was delivered by

BRAITHWAITE, J.A.D.

Plaintiff, Trinity Cemetery Association, Inc. ("Trinity"), commenced an action in lieu of prerogative writs challenging the enactment of a zoning ordinance by defendant, the Township of Wall ("Township"), rezoning Trinity's property from cemetery use to residential use. On July 18, 1997, Trinity moved for summary judgment. Following oral argument, the motion judge granted summary judgment on the ground that once Trinity's property was dedicated "for cemetery purposes," *N.J.S.A.* 8A:6–7, the New Jersey Cemetery Act, *N.J.S.A.* 8A:1–1 to –12–6, preempted the Township's zoning ordinance. We affirm.

Trinity owns property located in the Township consisting of six and one-half acres of vacant, undeveloped land. Prior to November 1995, the land was zoned as residential. In 1995, Trinity's predecessor in title sought to have the Township rezone the property for cemetery purposes. In connection with efforts to rezone the property, the prior owner submitted a proposal to the Township showing a pastoral, park-like cemetery setting with sprawling green, no headstones and a stone walkway encircling the property.

On November 5, 1995, the Township adopted Ordinance 25–1995, creating a cemetery zone that included the Trinity property. The zone permitted mausoleums as an accessory use. Subsequently, on July 17, 1996, the Township adopted a resolution pursuant to *N.J.S.A.* 8A:6–5, consenting to the establishment of a cemetery on Trinity's property. The resolution was "contingent upon any other approvals necessary from the State of New Jersey and local approving agencies."

Following the adoption of the Township resolution, on December 5, 1996, the New Jersey Cemetery Board ("Cemetery Board") issued a certificate of authority to Trinity to operate as a cemetery. *See N.J.S.A.* 8A:3–2. The Cemetery Board notified Trinity that the certificate of authority would "be in full effect" once Trinity acquired title to the property and "a deed [was] appropri-

ately filed." Although Trinity acquired title on January 15, 1997, the deed was not recorded until April 28, 1997.

In the interim, on February 20, 1997, Trinity submitted a site plan application to the Township planning board for its cemetery property. The plan included mausoleums, with the property surrounded by a stone wall. When the Township governing body learned of Trinity's site plan application, it introduced Ordinance 10–1997 to rezone Trinity's property from cemetery use to residential use. The Township took this action because it believed that it had been deceived by Trinity's predecessor in title by the proposal of a pastoral cemetery development without mausoleums. Following its introduction on April 23, 1997, the ordinance was forwarded to the Township planning board for review and recommendation as required by *N.J.S.A.* 40:55D–64. On May 5, 1997, the Township planning board recommended the approval of Ordinance 10–1997, and the Township adopted the ordinance on May 14, 1997. Trinity never received approval of its site plan application.

Trinity subsequently commenced this action challenging the adoption of Ordinance 10–1997. It then moved for summary judgment, arguing that the Cemetery Act preempted the Township's enactment of Ordinance 10–1997. The trial judge agreed with Trinity and said in part:

> The plaintiff cites in [its] brief the following cases in support of [its] contention that the New Jersey State Cemetery Act preempts local legislation of existing cemeteries. [*Cedar Park Cemetery v. Hayes*, 132 *N.J.Super.* 572, 334 *A.2d* 386 (Law Div.1975); *Diocese of Metuchen v. Township of Piscataway*, 252 *N.J.Super.* 525, 600 *A.2d* 173 (Law Div.1991); *Laurel Lawn v. Zoning Bd. of Adjustment*, 226 *N.J.Super.* 649, 545 *A.2d* 253 (Law Div.1988); and *Beth Israel Cemetery Ass'n v. Woodbridge*, No. A–3036–78 (App.Div.(1979))], unpublished decision.

> These cases established a well centered rule in New Jersey. The New Jersey State Cemetery Act limits a municipality's ability to regulate existing cemeteries. The municipality's power is thus limited because the New Jersey State Legislature has preempted the field in regard to existing cemeteries with the New Jersey State Cemetery Act. [*See Cedar Park Cemetery*, 132 *N.J.Super.* at 572, 334 *A.2d* 386; *Diocese of Metuchen*, 252 *N.J.Super.* at 525, 600 *A.2d* 173.]

> The residuum of power that municipalities retained on the act is to exclude new cemeteries or to prevent expansion of cemeteries within their boundaries. [citation

omitted.] The New Jersey State Cemetery Act provides in relevant part, "No cemetery shall be established or enlarged in any municipality without first obtaining the consent of the municipality by resolution duly adopted." [*N.J.S.A.*] 8A:6–5.

In short, municipalities have little power to legislate existing cemeteries. Thus the factual issue of whether or not Trinity was a cemetery in May 1997, based upon the Wall Township approvals, the acquired State Board Certificate of Authority, the designation by filing a map, the demolition permit, the conditional certificate of authority and resolution of July 17th, 1997, and the submitted, although not approved, site plan for the development is the critical issue in the within motion.

A cemetery is dedicated and thus comes into existence when a map is filed in the office of the State Cemetery Board, [*N.J.S.A.*] 8A:6–7. [*N.J.S.A.*] 8A:6–8 provides that once property is dedicated as a cemetery[,] this dedicat[ion] is permitted and is not effected [sic] by alienation of the property, any encumberences [sic] by sale or by dissolution of the cemetery company by non[-]use. The Cemetery Board authorized the cemetery to operate by issuing a Certificate of Authority, [*N.J.S.A.*] 8A:3–2.

. . . .

Defendant alleges that Trinity's existence is a material fact that is in dispute and thus summary judgment is not appropriate. This contention lacks merit. Pursuant to [*N.J.S.A.*] 8A:6–7 and [*N.J.S.A.*] 8A:6–8, the subject property became a cemetery upon the filing of the map in the office of the State Cemetery Board, and meeting the conditions of the Certificate of Authority[,] which it has done.

In the case at bar, the subject property was dedicated by the filing of a map on May 6th, 1996. Thereafter on December 5, 1996, the State Cemetery Board issued a Conditional Certificate of Authority to Trinity Cemetery Association. This certificate was conditioned upon Trinity acquiring title to the subject property.

On April 28th, 1997[,]linity acquired title to the property and recorded same. It was stated today that they acquired property four months before but just recorded it on April 28th, 1997, which was a condition of the Cemetery Board. Therefore Trinity was authorized to operate as a cemetery on this date.

Trinity was a cemetery before the passage of Ordinance 10–1997 in May of 1997.

■ The Township now appeals and contends that Ordinance 10–1997 was not preempted by the Cemetery Act, and that the trial judge "erred in granting summary judgment as there were material facts in issue." Our careful review of the record convinces us that these contentions are clearly without merit. *See R.* 2:11–3(e)(1)(E). We affirm substantially for the reasons expressed by Judge Lawson in his oral opinion of October 10, 1997. We add the following comments.

As part of the Cemetery Act, the Legislature created the New Jersey Cemetery Board, *N.J.S.A.* 8A:2–1, granting it "full power and authority to administer the provisions of this act . . . ."

*N.J.S.A.* 8A:2–2. The Cemetery Board has broad power over the "general supervision and regulation of and jurisdiction and control over all cemetery companies and their property [and] property rights . . . so far as may be necessary for the purposes of carrying out the provisions of this Title." *Ibid.* The Cemetery Act is a pervasive enactment that governs most facets of cemetery activities. It provides for the organization of cemetery companies, *N.J.S.A.* 8A:3–1 to –21; the creation of a fund for the permanent maintenance and preservation of cemeteries, *N.J.S.A.* 8A:4–1 to –16; sets forth the duties of the governing body of a cemetery company, *N.J.S.A.* 8A:5–1 to –24; governs the acquisition and ownership of land by cemetery companies, *N.J.S.A.* 8A:6–1 to –12; specifies the rights of owners of plots, *N.J.S.A.* 8A:7–1 to –13; regulates the removal and reinterment of bodies, *N.J.S.A.* 8A:8–1 to –6; oversees cemetery salesmen, *N.J.S.A.* 8A:9–1 to –16; and delegates power to the Board to enforce the Cemetery Act and impose penalties, *N.J.S.A.* 8A:10–1 to –8.

A properly enacted municipal ordinance is invalid if it intrudes upon a field preempted by the Legislature. *Plaza Joint Venture v. City of Atlantic City,* 174 *N.J.Super.* 231, 238, 416 *A.2d* 71 (App.Div.1980). "The approach to the state preemption issue parallels the federal analysis." *Garden State Farms, Inc. v. Bay,* 77 *N.J.* 439, 450, 390 *A.2d* 1177 (1978). The principle of preemption is founded upon the notion that the " 'municipality may not exert the delegated police power in terms which conflict with a State statute, and hence a municipality may not deal with a subject if the Legislature intends its own action, whether it exhausts the field or touches only part of it, to be exclusive and therefore to bar municipal legislation.' " *Horner v. Township Comm. of Ocean,* 175 *N.J.Super.* 533, 540, 420 *A.2d* 1033 (App.Div.1980)(quoting *State v. Ulesky,* 54 *N.J.* 26, 29, 252 *A.2d* 720 (1969)). Matters that by their nature require uniform and consistent treatment at the state level are not appropriate subjects for local regulation. Likewise, where the Legislature expressly or

impliedly intended an enactment to be exclusive, the principles of preemption apply. *Ibid.*

> A legislative intent to preempt a field will be found either where the state scheme is so pervasive or comprehensive that it effectively precludes the coexistence of municipal regulation or where the local regulation conflicts with the state statutes or stands as an obstacle to a state policy expressed in enactments of the Legislature.
>
> [*Garden State Farms, supra,* 77 *N.J.* at 450, 390 *A.*2d 1177.]

Here, Trinity filed a map with the Cemetery Board, resulting in "a dedication of the lands for cemetery purposes." *N.J.S.A.* 8A:6–7. The Cemetery Board issued a certificate of authority to Trinity with the condition that it acquire property and "file the deed." Trinity complied with that condition on April 28, 1997. Because these events occurred before the enactment of Ordinance 10–1997, the Township was preempted from rezoning Trinity's land.

Affirmed.