903 A.2d 524

D'ANASTASIO CORP., PLAINTIFF–APPELLANT, v. THE TOWN-SHIP OF PILESGROVE AND THE PLANNING BOARD OF THE TOWNSHIP OF PILESGROVE, DEFENDANTS–RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued June 5, 2006—Decided August 14, 2006.

Before Judges CUFF, HOLSTON, JR., and GILROY.

*Stuart A. Platt* argued the cause for appellant (*Marrazzo & Platt*, attorneys; *Mr. Platt* on the brief).

*William L. Horner* argued the cause for respondent (*Horner & Horner,* attorneys; *Mr. Horner,* on the brief).

The opinion of the court was delivered by

GILROY, J.S.C. (temporarily assigned).

Plaintiff, D'Anastasio Corp., appeals from an order of the Law Division of May 16, 2005, dismissing its complaint in lieu of prerogative writs, challenging a denial of its petition for deannexation of a vacant parcel of land lying within the defendant Township of Pilesgrove (Pilesgrove), Salem County. We affirm.

Pilesgrove consists of 35.05 square miles, and completely engulfs the Borough of Woodstown (Woodstown), which consists of approximately 1.62 square miles. Plaintiff is the contract purchaser of two vacant agricultural lots, fronting on E. Lake Road, Pilesgrove, totaling 36.27 acres, known and designated as Block 78, Lots 1 and 2, on Pilesgrove's tax map (the Property). Plaintiff is also the contract purchaser of a contiguous 81–acre tract of land located in Woodstown. Both properties are owned by the Gemberling Family Partnership. As farmland, the Property has an assessed value of $17,300; and under current zoning, it could support between eight and twelve residential units. If the Property is deannexed to Woodstown and rezoned in accordance with Woodstown's zoning requirements, the Property could support approximately sixty residential units.

On September 4, 2003, plaintiff filed a petition with Pilesgrove seeking a resolution consenting to deannexation of the Property, and informing Pilesgrove's Township Committee of its intent to seek annexation of the Property to Woodstown. The Township Committee referred the petition to defendant Planning Board of the Township of Pilesgrove (Board). After receipt of an economic and social impact analysis from Pilesgrove's planner, Christopher J. Warren, P.P., the Board conducted a hearing on the petition on April 29, 2000. At the hearing, the Board heard comments from Warren, as well as plaintiff's planner, Criegh Rohenkamp; plaintiff's architect, Victor Barr; and Pilesgrove's zoning officer. On

May 27, 2004, the Board adopted a resolution recommending that the Township Committee deny the petition for deannexation. On May 28, 2004, after "accept[ing] the report and findings of Christopher J. Warren, and the Resolution of the [p]lanning board," the Township Committee denied the petition.

On July 16, 2004, plaintiff filed its complaint in lieu of prerogative writs contending that the Board's recommendation and Pilesgrove's denial of the petition was arbitrary, capricious, and unreasonable, because they failed to follow applicable statutes and case law in exercising their discretion. Acknowledging that the issue concerned one of law, not fact, the parties submitted the matter to the trial court for resolution on cross-motions for summary judgment. At argument, plaintiff contended that it would benefit from deannexation because of the extension of sewer service from Woodstown and the development of the Property at the same level of density as Woodstown, without the need for interlocal service agreements, zoning variances or ordinances. Plaintiff also stated that it would be more convenient to obtain development approvals from one municipality, rather than "hav[ing] to go through [the] conventional planning and zoning process twice." Determining that "Pilesgrove did not act arbitrarily or unreasonable in refusing to consent to the de-annexation petition," Judge Stanger, Jr., now retired, issued a thirteen-page written decision on April 22, 2005, granting summary judgment to Pilesgrove, and denying plaintiff's cross-motion.

On appeal, plaintiff argues that: 1) the trial court erred: a) by failing to review the factual determinations of Pilesgrove; b) by relying on the unqualified net opinion of Pilesgrove's planner; and c) by improperly considering non-annexation alternatives; 2) Pilesgrove was arbitrary and capricious when determining that there would be a negative social impact as a result of the deannexation; 3) Pilesgrove's determination that it would suffer significant economic injury as a result of the petition is not supported by substantial evidence in the record; and 4) Pilesgrove's denial of

the petition is arbitrary and capricious because it contradicts its own cross-acceptance report for the State Master Plan.

An action in lieu of prerogative writs brought, based on a municipality's decision, may be dismissed summarily, "where the pleadings, affidavits and answers to interrogatories fail to raise a genuine issue of material fact." *Mitchell v. City of Somers Point,* 281 *N.J.Super.* 492, 500, 658 *A.*2d 1276 (App.Div.1994). Where a "municipality seeks summary judgment dismissing a complaint ... it has the same burden as any other civil litigant to show that 'there is no genuine issue as to any material fact' and that it 'is entitled to ... judgment ... as a matter of law.'" *Hirth v. City of Hoboken,* 337 *N.J.Super.* 149, 166, 766 *A.*2d 803 (App.Div.2001) (citing *R.* 4:46–2(c); *Mitchell, supra,* 281 *N.J.Super.* at 500, 658 *A.*2d 1276); *see Brill v. Guardian Life Ins. Co. of Am.,* 142 *N.J.* 520, 523, 666 *A.*2d 146 (1995).

Deference is given to a "trial court's findings when supported by adequate, substantial and credible evidence." *Rova Farms Resort, Inc. v. Investors Ins. Co. of Am.,* 65 *N.J.* 474, 484, 323 *A.*2d 495 (1974). However, "[a] trial court's interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference." *Manalapan Realty, L.P., v. Twp. Comm. of Manalapan,* 140 *N.J.* 366, 378, 658 *A.*2d 1230 (1995).

After carefully considering plaintiff's arguments against the record and legal principles, we discern no reason to disturb the findings and conclusions reached below. We affirm substantially for the reasons expressed by Judge Stanger in his thorough and well-reasoned, written opinion of April 22, 2005, approved for publication this date, 387 *N.J.Super.* 247, 903 *A.*2d 527 (Law Div.2006). We add the following comments.

The "application of *N.J.S.A.* 40A:7–12 [and *N.J.S.A.* 40A:7–12.1] [are] question[s] of law." *Avalon Manor Improvement Ass'n, Inc., v. Twp. of Middle,* 370 *N.J.Super.* 73, 101, 850 *A.*2d 566 (App.Div.), *certif. denied,* 182 *N.J.* 143, 861 *A.*2d 847 (2004)

(*Avalon Manor*). *N.J.S.A.* 40A:7–12 governs the procedure for annexation or de-annexation. *N.J.S.A.* 40A:7–12 provides that a petition for annexation must be signed by 60% of the legal voters on the land; or 60% of the owners of the land, if the land is vacant; and a resolution must be adopted by two-thirds of the governing body of the municipality where the land is located, consenting to the deannexation.

On judicial review of a municipality's refusal to grant a deannexation petition,

the petitioner[ ] ha[s] the burden of establishing that the refusal to consent to the petition was arbitrary or unreasonable, ... refusal to consent to the annexation is detrimental to the economic and social well-being of a majority of the residents of the affected land, and ... the annexation will not cause a significant injury to the well-being of the municipality in which the land is located.

[*N.J.S.A.* 40A:7–12.1.]

The first element is simply an expression of the standard of arbitrariness and unreasonableness. *Russell v. Stafford Twp.*, 261 *N.J.Super.* 43, 48, 617 *A.*2d 685 (Law Div.1992). The second element requires that the petitioner demonstrate "deannexation will be beneficial to a majority of the residents of the land being deannexed." *Id.* at 49, 617 *A.*2d 685. The third element requires that the petitioner "show ... [de]annexation will not cause a significant injury to the well-being of the deannexing municipality." *Ibid.*

■ Prior to the Legislature's enactment of *N.J.S.A.* 40A:7–12.1, *L.* 1982, *c.* 182, § 2 ("Refusal to annex judicial review; burden of proof"), on a challenge to a denial of a petition of deannexation, "the burden was on the municipality to prove the unreasonableness of the requested" petition. *Avalon Manor, supra,* 370 *N.J.Super.* at 90, 850 *A.*2d 566. The enactment of *N.J.S.A.* 40A:7–12.1 manifests the Legislature's preference for preserving historical boundaries by shifting the burden of persuasion to the petitioner to establish the "unreasonableness" of the municipality's action.

■ We are in accord with Judge Stanger's determination that plaintiff's petition for deannexation constitutes zoning and develop-

ment density shopping, and as such, does not provide a valid reason for altering otherwise historical municipal boundaries; and Pilesgrove's denial of the petition was neither arbitrary, nor unreasonable.

Affirmed.