225 N.J. Super. 475 (1988)
542 A.2d 970
ASSOCIATION OF MUNICIPAL ASSESSORS OF NEW JERSEY, A CORPORATION NOT FOR PROFIT, AND WILLIAM H. REESER, TAX ASSESSOR OF THE TOWNSHIP OF MULLICA, PLAINTIFF,
v.
TOWNSHIP OF MULLICA, A MUNICIPAL CORPORATION, AND DANIEL E. THOREN, MAYOR OF THE TOWNSHIP OF MULLICA, DEFENDANT.
Superior Court of New Jersey, Law Division Atlantic County.
Decided April 7, 1988.
*476 Edward G. Rosenblum for plaintiff (Rosenblum & Rosenblum, attorneys).
Nelson C. Johnson for defendant (Donio, Bertman, Johnson, Sahli & Greco, attorneys).
RIMM, J.T.C. (temporarily assigned).
The issue before the court is the right of a tax assessor to an increase of salary given to all other municipal officers and employees. The statute applicable to the controversy between the parties is N.J.S.A. 40A:9-165 which provides that the governing body of a municipality shall fix the salaries, wages or *477 compensation paid to the officers and employees of a municipality. Specifically, the statute provides in pertinent part as follows:
Salaries, wages or compensation fixed and determined by ordinance may, from time to time, be increased, decreased or altered by ordinance. No such ordinance shall reduce the salary of, or deny without good cause an increase in salary given to all other municipal officers and employees to, any tax assessor, tax collector or municipal clerk during the term for which he shall have been appointed. [N.J.S.A. 40A:9-165]
In the present case, plaintiff tax assessor claims that he was denied "without good cause an increase in salary given to all other municipal officers and employees." This specific language resulted from amendments to N.J.S.A. 40A:9-165 by L. 1981, c. 393, § 28 and L. 1981, c. 394, § 5, effective January 6, 1982. With regard to the last quoted language in the statute, this case is, as counsel for plaintiffs has pointed out, a case of first impression.
Plaintiff, William H. Reeser (Reeser), is the tax assessor of defendant township and has been tax assessor since February 1980. He is a certified tax assessor pursuant to N.J.S.A. 54:1-35.25. For the calendar year 1986 Reeser's salary as tax assessor was $16,542.33. For the calendar year 1987, in accordance with Ordinance No. 6-87, adopted on June 23, 1987, Reeser's annual salary was increased to $17,212, or an increase of 4.05%. Plaintiffs allege, in their complaint, that all other employees of the township received salary increases in excess of 10% up to a high of 48.72%, with the exception of the heavy equipment operator and the landfill operator who are covered by a collective bargaining agreement. Plaintiffs also assert that the disparity between the increase in Reeser's salary and the increases in the salaries of other employees is contrary to N.J.S.A. 40A:9-165. Plaintiffs further allege that the smaller increase in Reeser's salary, as compared with the increases in the salaries of other employees, resulted from Reeser's refusal to provide the mayor of the township with weekly reports describing his assessing activities. Upon the filing of their verified complaint, plaintiffs obtained an order directing defendants, *478 the township and the mayor, to show cause why judgment should not be entered in favor of plaintiffs and against defendants ordering defendants to grant a salary increase to Reeser for the year 1987 commensurate with the increases in salaries given to all other municipal employees.
In addition to filing an answer, defendants filed an affidavit of the mayor in which he said that "[b]ased upon the limits of ... [Reeser's] duties and his performance as I have observed it, I was of the opinion that a fair salary increase would be in the amount of approximately 4%." He made a recommendation to the township council accordingly. The affidavit also states that Reeser refuses to submit a monthly activity report to the mayor about his assessing activities.[1]
On the return date of the order to show cause, the parties presented oral testimony, and plaintiffs had various documents marked in evidence. Reeser testified that he had been the tax assessor since February 1980, and that, during the five-year period prior to 1987, he had never received any letter or other communication expressing dissatisfaction with his services as township assessor.
Defendant, mayor, became mayor on January 1, 1986, and was the first popularly elected mayor under a new form of government effective on that date. On April 18, 1986, the mayor wrote a letter to Reeser asking him to prepare "a weekly activity report for me, with a copy to the Administrator, of your outside[2] assessing activities." Thereafter, the mayor made an oral request for bi-weekly reports instead of weekly reports. Following receipt of these requests, Reeser discussed them *479 with the Atlantic County tax administrator. He then advised the mayor that he would not submit such activity reports.
The 1986 and 1987 salary ordinances of the township were also marked in evidence. Comparison of the two ordinances indicates that, while the tax assessor received a 4.05% increase in salary from one year to the next, the township clerk received a 10% increase, the tax collector received a 10.5% increase and the municipal court clerk received a 19.4% increase in their salaries from one year to the next. Other employees also received increases.
The county tax administrator also testified on behalf of plaintiffs. He confirmed that he had advised Reeser not to submit the requested reports to the mayor. In his opinion, the assessor was subordinate to the county tax administrator in carrying out his assessor's duties.
The mayor also testified. He said that the 1987 salary ordinance was structured so as to achieve an equitable payroll for municipal employees and Reeser's increase was essentially based on his performance. He expressed dissatisfaction with Reeser's performance as assessor but admitted that he had never communicated his dissatisfaction, either orally or in writing, to Reeser, the Atlantic County Board of Taxation or the Director, Division of Taxation of the State of New Jersey.
While plaintiffs acknowledge that the township's governing body has authority to exercise certain control over the assessor, Horner v. Ocean Tp. Comm., 175 N.J. Super. 533 (App.Div. 1980), they contend that the assessor is essentially independent of control by the municipal governing body in the performance of his responsibilities as assessor and in the making of assessments. An assessor, plaintiffs contend, acts as an agent of the Legislature and not of the taxing district. Arace v. Irvington, 75 N.J. Super. 258 (Law Div. 1962); Ream v. Kuhlman, 112 N.J. Super. 175 (App.Div. 1970). Plaintiffs claim that "it is of paramount importance that the integrity of ... [the assessor's] *480 office be in no way diluted by local interference." Ream, 112 N.J. Super. at 190.
Given the independent nature of the assessor's office, plaintiffs argue that N.J.S.A. 40A:9-165 must be interpreted and applied in such a manner as to insure that independence. Accordingly, plaintiffs make several claims. First, the statute requires that, unless there is good cause to the contrary, a tax assessor is entitled to an increase in his salary commensurate with increases in the salaries of other municipal employees. Second, in the present case, the tax assessor's increase was not commensurate with the increases given to other employees; no good cause was shown why the assessor did not receive such an increase; the failure to give the assessor an increase commensurate with that given to other employees was in retaliation for the assessor's refusal, in accordance with instructions received by the assessor from the county tax administrator, to comply with the mayor's reporting directive; and the assessor is entitled to an increase in his salary by a percentage equal to the average percentage of all increases given to other employees.
Defendants admit that it is not their position that Reeser failed to perform his duties. They insist, however, that, in giving the assessor an increase, they have complied with the mandate of N.J.S.A. 40A:9-165. They interpret the statute to mean that, when other employees get an increase, the assessor is to get an increase. Since Reeser received a salary increase, the statute has been complied with and plaintiffs have no ground to complain about the actions of the governing body of the township. In addition, defendants contend that the 1987 salary ordinance had as one of its primary purposes the building of "equity into our compensation system." Finally, they argue that, in construing the subject statute, the court cannot add any language to it such as the word "commensurate" which defendants say plaintiffs demand be read into the statute.
In making their arguments, defendants claim that a court should not insert or change words in a statute unless to do so is *481 necessary to give a meaning required by other parts of the statute. Harsen v. Bd. of Ed. of West Milford Tp., 132 N.J. Super. 365 (Law Div. 1975). Inserting words in a statute by a court can only be done with unusual caution for apparent omissions. Klink v. Monroe Tp., 181 N.J. Super. 25 (App.Div. 1981) This is especially true, defendants argue, with regard to statutes dealing with municipal salaries, because municipalities must have wide discretion in fixing municipal salaries. Bayonne v. Dougherty, 59 N.J. Super. 288, 298-299 (App.Div. 1960), app. dism. 34 N.J. 240 (1961) (Civil service commissioner lacked authority to impinge upon "the general administrative authority of a city commissioner to conduct his department, ... with accompanying reasonable latitude for exercise of discretion as to the compensation to be paid department employees."); Maywood Ed. Assn. v. Maywood Bd. of Ed., 131 N.J. Super. 551 (Ch.Div. 1974) (Where Legislature did not mandate supplemental compensation benefits for non-state public employees, whether such benefits were to be provided was a matter for the employer's discretion.); McEvoy v. Mayor and Council of Cliffside Park, 83 N.J. Super. 268 (Law Div. 1964) (Borough's governing body, which had a statutory authority to create police department and compensate persons appointed to the department, had discretionary power over the amount of compensation.)
Defendants' arguments completely overlook the relationship between a municipality and its assessor and fail to recognize the obvious and overwhelming need of the assessor to be free from municipal interference in making his assessments and in carrying out his responsibilities as the assessor. Even in Horner v. Ocean Tp. Comm., supra, which held that a municipality has "the power to set reasonable hours for work for" assessors, the court recognized "the limited role the municipalities have with respect to the assessors." Id., 175 N.J. Super. at 539.
Municipalities have a limited role with respect to assessors so that assessors can carry out their responsibilities free from political pressure and secure in the knowledge that, if they *482 perform their responsibilities as assessors honestly and completely, they need not fear reprisals nor retaliation from municipal officials. For example, the compensation of a tax assessor may not be reduced during his term of office. N.J.S.A. 40A:9-146; N.J.S.A. 40A:9-165. If a tax assessor is certified pursuant to N.J.S.A. 54:1-35.25 and completes four years in office, he will attain tenure in office upon reappointment and hold his position during good behavior to be removed from office only for good cause after a hearing before the Director, Division of Taxation, or his designee, not before the municipality. N.J.S.A. 54:1-35.31.
The purpose of the 1982 amendment to N.J.S.A. 40A:9-165 is to enhance the assessor's independence. The amendment does not permit only a token increase in salary for an assessor when compared to the increases given to other municipal employees. The purpose of the statute would be frustrated unless an assessor was given an increase commensurate with increases given to other municipal employees, in the absence of good cause to the contrary. To accomplish the purpose of the statute, it should be interpreted by a mind sympathetic to its aims and which recognizes the difficulties inherent in formulating a precise expression of legislative intent. Westinghouse Elec. Corp. v. Board of Review, 25 N.J. 221, 227 (1957); Lane v. Holderman, 23 N.J. 304, 323 (1957).
The use of a salary ordinance to control an assessor is the very thing the statute sought to avoid and is the very thing the municipality did in this case. The municipality retaliated against the assessor by giving him a smaller increase than that given to other employees because he refused to file reports with the mayor. Such a refusal by the assessor is not good cause for a smaller increase. In fact, defendants have shown no cause at all why the assessor should not have received an increase commensurate with those given other employees. Defendants' claim that the 1987 salary ordinance sought to achieve "equity" in the township's salary structure is simply *483 not true. A review of the ordinance does not support the mayor's contention that higher-salaried employees were given smaller increases while lower salaried-employees were given larger increases.
The court concludes that N.J.S.A. 40A:9-165 requires an assessor to receive an increase commensurate with increases given other employees unless there is good cause shown by a municipality why the assessor should not receive such an increase. Any other interpretation of the statute would make it meaningless and frustrate the often demonstrated legislative purpose of insulating the assessor from local government pressure. The intention of an enactment "emerges from the spirit and policy of the statute rather than the literal sense of particular terms." Caputo v. The Best Foods, Inc., 17 N.J. 259 (1955). The language of a statute "must be read perceptively and sensibly with a view toward fulfilling the legislative intent." Unemployed-Employed Council of N.J., Inc. v. Horn, 85 N.J. 646 (1981). See Schierstead v. Brigantine, 29 N.J. 220, 230-231 (1959) ("[S]tatutes are to be read sensibly rather than literally and the controlling legislative intent is to be presumed as `consonant to reason and good discretion.'" Id. at 230); Olde Lafayette Village, Ltd. v. Tp. of Lafayette, 9 N.J. Tax 562 (Tax Ct. 1988) (To read the tax-payment provision literally produces an anomalous result.).
What constitutes good cause for refusing an assessor a commensurate increase will be determined on a case-by-case basis and probably is something less than the cause necessary to remove an assessor from office. N.J.S.A. 54:1-35.31. Indeed, good cause under N.J.S.A. 40A:9-165 may relate to matters other than the assessor's performance. For example, a new assessor may be hired at a substantially higher salary than his predecessor. An assessor may receive a substantial increase in salary for a given year because of an increase in his hours of work; his status changes from a part time assessor to a full time assessor; or there are increased assessing responsibilities due to extensive development in the municipality and a *484 significant increase in line items. These facts may be good cause for not increasing his salary in a subsequent year when the salaries of other employees are increased.
The result in this case does not mean that a municipality may not require any reports from its assessor. For example, an assessor may be asked to assist in the municipality's budget process as it affects the assessor's office and to report on personnel, equipment or space needs. The assessor cannot, however, be required to submit reports which would impinge on his activities as an assessor. Each county tax administrator directs all "officers charged with the duty of making assessments for taxes in every taxing district in the county." N.J.S.A. 54:3-16. Assessors, in making assessments, are governed by directions from the county tax administrator, pursuant to rules and orders of the county board of taxation approved by the Director, Division of Taxation. Ibid. Ultimate authority over the assessor is vested in the Director. N.J.S.A. 54:1-25 through -30 (control over assessments); N.J.S.A. 54:1-35.25 through -35.34 ("An Act to provide for the qualification, certification and examination of tax assessors...." L. 1967, c. 44). It should also be noted that N.J.S.A. 54:1-35.31 was amended by L. 1981, c. 393, § 29 to confirm that an assessor shall not be removed from office for political reasons but only for good cause after a hearing. This amendment was effected by the very same laws which amended N.J.S.A. 40A:9-165 to provide for an increase in salary for an assessor when other municipal employees receive increases. L. 1981, c. 393, § 28. The result reached in this case is then based on the "breadth of the objectives of the legislation and the commonsense of the situation." J.C. Chap. Prop. Owner's, etc., Assoc. v. City Council, 55 N.J. 86, 100 (1969).
Judgment will be entered that the assessor is entitled to an increase in his salary for 1987 commensurate with increases given to other municipal employees. Counsel for plaintiffs will *485 prepare and submit the judgment under R. 4:42-1. No costs will be allowed for or against any party.
If the parties cannot agree on the amount of the assessor's increase within 30 days after the entry of judgment, any party may move before the court for a hearing to fix the amount. At such a hearing, the court will consider whether the increase should, as plaintiffs argue, be an increase equal to the average of all increases given to municipal employees or an increase in some other amount. The court will consider an increase equal to the smallest increase or to the largest increase given to other employees with comparable responsibilities or some other basis for an increase presented to the court by the parties which would best effectuate the purpose of N.J.S.A. 40A:9-165.
NOTES
[1] Actually, weekly, then bi-weekly, activity reports were requested by the mayor.
[2] Although the word "outside" was used in the letter, the parties have stipulated that Reeser is not employed by any other municipality as an assessor and that the word "outside" meant "field work" or work "outside" the assessor's office.