273 N.J. Super. 526 (1994)
642 A.2d 1029
THEODORE FLEMING, PLAINTIFF-APPELLANT,
v.
UNITED PARCEL SERVICE, INC., JULIO CASTELLANOS, DENNIS O'KEEFE, RONALD FOX, WILLIAM ROGALSKY, WALTER M.D. KERN, ATLANTIC AREA PARCEL GRIEVANCE COMMITTEE, AL BARLOW AND JOHN DOES, MEMBERS OF THE ATLANTIC AREA PARCEL GRIEVANCE COMMITTEE, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued May 10, 1994.
Decided May 20, 1994.
*527 Before Judges PRESSLER, BROCHIN and KLEINER.
Angelo R. Bianchi argued the cause for appellant (Mr. Bianchi and Kelly A. Rush, on the brief).
Edward P. Lynch argued the cause for respondents United Parcel Service, Inc., Ronald Fox and Dennis O'Keefe (Pitney, Hardin, Kipp & Szuch, attorneys; Mr. Lynch and Theresa A. Kelly, on the brief).
Barbara Weisman argued the cause for respondent Walter M.D. Kern (Samuel A. DeGonge, attorney; Ms. Weisman, on the letter brief).
Martin Wald, admitted pro hac vice, argued the cause for respondent Atlantic Area Parcel Grievance Committee and John Doe United Parcel Service Members of the Atlantic Area Parcel Grievance Committee (Crummy, Del Deo, Dolan, Griffinger & Vecchione [New Jersey counsel] and Schnader, Harrison, Segal & Lewis [Pennsylvania counsel], attorneys; Mr. Wald, Kerry M. Parker and Axel J. Johnson, on the brief).
*528 Tomar, Simonoff, Adourian & O'Brien [New Jersey counsel] and Baptiste & Wilder [Washington, D.C. counsel], attorneys for respondents Atlantic Area Parcel Grievance Committee and Its Union Members (Roland P. Wilder, Jr., Susan Boyle and Justin T. Loughry, on the brief).
PER CURIAM.
Plaintiff Theodore Fleming appeals from a partial summary judgment dismissing those counts of his complaint alleging causes of action based on alleged malicious prosecution, abuse of process, false arrest, wrongful discharge, interference with contractual employment rights accorded by a collective bargaining agreement, improper representation by his union in the grievance procedure, fraudulent prosecution in the municipal court by the municipal prosecutor, denial of Sixth Amendment rights, and infliction of severe emotional harm. The judgment also dismissed that portion of a pleaded slander cause of action to the extent it was based on events occurring prior to March 1989. Plaintiff appeals as well from a subsequent summary judgment dismissing the balance of the slander cause of action.
This litigation has its genesis in a criminal complaint made by defendant United Parcel Service, Inc. (UPS), against plaintiff, whom it had discharged for misconduct, charging him with theft and assault. After trial in the municipal court following the prosecutor's administrative downgrade of the charges, plaintiff was convicted of theft and acquitted of assault. The conviction was reversed by the Law Division on the grounds of denial of speedy trial in the municipal court. The Law Division did not address the substantive merits of the conviction, and therefore did not consider plaintiff's claim that there was insufficient credible and untainted evidence to support it. This complaint was filed after the acquittal against UPS; four of its employees, Julio Castellanos, Dennis O'Keefe, Ronald Fox and William Rogalsky; the then municipal prosecutor, Walter M.D. Kern; Atlantic Area Parcel Grievance Committee, his union's grievance committee; *529 and Al Barlow and John Does, members of the grievance committee.
We affirm the first of the summary judgments substantially for the reasons stated by Judge Villanueva in his opinion reported at 255 N.J. Super. 108, 604 A.2d 657 (Law Div. 1992). We make, however, the following observations respecting the dismissal of the malicious prosecution cause. As Judge Villanueva correctly pointed out, id. at 150, the four elements of that cause of action are the institution of the criminal proceeding against plaintiff by defendant, defendant's actuation by malice, an absence of probable cause, and a termination in plaintiff's favor. Clearly, plaintiff's inability to prove any one of these four elements is fatal to his continued prosecution of this generally unfavored cause of action.
The trial judge found that based on the record before him on defendants' motion, there was no genuine dispute of material fact respecting the existence of probable cause for UPS to have instituted the proceedings. He rested this conclusion on the evidence adduced in the municipal court and on the municipal court judge's findings of fact based thereon. Thus, with respect to the theft charges, of which plaintiff was convicted by the municipal court but acquitted by the Law Division, Judge Villanueva was satisfied that the municipal court judge's findings were "reasonable, considered objectively ..." and that in light of those findings, "any reasonable person would have had probable cause to initiate criminal proceedings for theft against Fleming." Id. at 152, 604 A.2d 657. With respect to the assault charges, of which Fleming was acquitted by the municipal court, Judge Villanueva relied on the municipal court's finding that "Fleming committed the acts complained of but that there was doubt, `although slight' of criminal intent." Id. at 153, 604 A.2d 657. Because that finding was also supported by the municipal court record, Judge Villanueva concluded that "Fleming cannot prove a lack of probable cause because the defendants' actions [in instituting the criminal proceeding for assault] were not unreasonable under the circumstances." Id.
*530 Our review of the record persuades us that reasonable persons could not differ on the question of whether UPS had probable cause to institute these proceedings and that the summary judgment in its favor on that cause of action was therefore eminently correct. Since plaintiff's proofs were therefore fatally deficient as to this element of the cause and since the existence of probable cause is obviously in no way impugned by a termination favorable to plaintiff, see, e.g., Lind v. Schmid, 67 N.J. 255, 337 A.2d 365 (1975), we need not address plaintiff's challenge to the trial judge's conclusion that the termination of the prosecution of the theft charges was not favorable to plaintiff. We do, however, express our reservation as to the correctness of that conclusion.
As we understand the trial court's opinion, 255 N.J. Super. at 150, 604 A.2d 657, the unfavorable termination conclusion was based on the fact that plaintiff's acquittal by the Law Division on the trial de novo rested solely upon the ground of denial of the constitutional right of speedy trial. That acquittal, it is true, did not establish plaintiff's innocence of the charges. But we do not concur that establishment of innocence is a necessary component of a favorable termination when the termination is an acquittal. We recognize, as did the trial judge, that in Rubin v. Nowak, 248 N.J. Super. 80, 83, 590 A.2d 249 (App.Div. 1991), we did focus on "whether the termination was or was not dispositive as to the accused's innocence of the crime for which he was charged." But we did so in the context not of an acquittal, which is unambiguously and unequivocally a favorable termination, but rather in the context of an administrative dismissal, which is, on its face, an indecisive termination. Compare Restatement (Second) of Torts § 659 (1977), which addresses unambiguous favorable terminations, including acquittal, with section 660, which catalogues indecisive terminations. It is only in respect of the latter that consistency of the termination with actual innocence may be relevant. Thus, as noted by section 660, comment e., acquittal, whether by judge or jury, is always a favorable termination. It is no less a favorable termination if, as here, it was mandated by *531 constitutional dictate. The point, of course, is that even if the termination was favorable, the action for malicious prosecution will not lie unless plaintiff can also demonstrate that defendant instituted the proceedings without probable cause. This plaintiff cannot do that on this record for the reasons articulated by Judge Villanueva.
There is one other matter ruled upon by Judge Villanueva that requires our attention. As he noted, the municipal prosecutor was, apparently, paid by UPS to undertake the prosecution. As we understand the record, the municipality paid its prosecutor only for regularly scheduled court sessions, and where, as here, the complexity of the prosecution required special court sessions, the municipal prosecutor requested payment from the complaining witness. These facts were spread on the municipal court record. Judge Villanueva relied on Opinion 523 of the New Jersey Supreme Court Committee on Attorney Ethics in concluding that the financial arrangement between the complaining witness and the municipal prosecutor was unobjectionable. We express no opinion on that score, and our affirmance should not be read as an endorsement of that proposition. We do, on the other hand, recognize the problems implicit in private prosecution. See, e.g., State v. Imperiale, 773 F. Supp. 747 (D.N.J. 1991); State v. Kinder, 701 F. Supp. 486 (D.N.J. 1988); State v. Harris, 262 N.J. Super. 294, 620 A.2d 1083 (Law Div. 1992). Nevertheless, we are not the appropriate forum to review an opinion of the Supreme Court's Advisory Committee. See R. 1:19-8. Beyond that, we are satisfied that to whatever extent the financial arrangement might have been improper, that impropriety had no capacity actually to taint the evidence adduced.
Following the entry of partial summary judgment by Judge Villanueva, all that was left of the case was plaintiff's allegation that defendant Fox, a UPS employee, had made slanderous statements about him in New Jersey in April 1989. In support of the second motion for summary judgment, defendants submitted unrebutted proof that Fox was not in New Jersey but in Indiana *532 during the relevant time period. On this basis, the second motion judge dismissed the remaining portion of the complaint. He was correct in so doing.
The orders appealed from are affirmed.