294 N.J. Super. 1 (1996)
682 A.2d 263
INTERNATIONAL FIDELITY INSURANCE COMPANY, PLAINTIFF-APPELLANT,
v.
ROBERT JONES, BOB JONES ELECTRICAL CONTRACTING CO., INC., AND LOIS JONES, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Submitted September 18, 1996.
Decided September 26, 1996.
*3 Before Judges SHEBELL, BAIME and PAUL G. LEVY.
Wolff & Samson, attorneys for appellant (James D. Ferrucci, on the brief).
Nuzzo & Katz, attorneys for respondent, Bob Jones Electrical Contracting Co. (did not file a brief).
Robert Jones and Lois Jones, respondents pro se (did not file a brief).
The opinion of the court was delivered by SHEBELL, P.J.A.D.
Plaintiff, International Fidelity Insurance Company (International), moved for summary judgment to enforce an indemnity agreement, contained in a performance bond, between it and defendants, Bob Jones Electrical Contracting Company, Inc., and Robert and Lois Jones. Pursuant to the agreement, plaintiff sought reimbursement from defendants for expenses including attorney's fees. In due course, defendants cross-moved for dismissal of the complaint for failure to give a pre-action notice of claim for legal fees pursuant to R. 1:20A-6 and for referral of the fee dispute to the District Fee Arbitration Committee under R. 1:20A-2. In his written opinion, the Law Division judge denied plaintiff's motion for judgment and granted defendants' motion to dismiss.
The motion judge rejected plaintiff's argument that defendants were contractually bound to reimburse plaintiff for whatever legal fees plaintiff paid as long as plaintiff paid them in "good faith." The judge found that the provision in the agreement entitling the surety "to charge for any and all disbursements made by it in good faith ..." was, in his words, "contrary to the policy set forth *4 by the Supreme Court (which has the ultimate authority to regulate payment of attorney's fees) in R. 1:20A-6 which allows the party whose actions necessitated the legal fees and who is paying the legal fees to request fee arbitration." The judge stated:
Rule 1:20A-2 grants jurisdiction to the Fee Committee to arbitrate this matter. Thus, plaintiff was obligated, pursuant to R. 1:20A-6, to give defendant a Pre-Action Notice of its intent to sue for legal fees. Failure to give this notice and to allege the giving of the notice in the complaint requires dismissal of the claim for reimbursement for legal fees. R. 1:20A-6.
After denial of its motion for reconsideration, plaintiff filed this appeal from the October 25, 1994 order granting reimbursement only for the uncontested expenses and denying reimbursement for legal fees. We reverse and remand.
At the time plaintiff's action was instituted, R. 1:20A-2, provided in pertinent part:
Fee Committees shall have jurisdiction to arbitrate third-party legal matters where the lawyer is retained by one other than the client but where the client is specifically billed for those services, except that Fee Committees shall not have jurisdiction of such cases where one party to the settlement of a legal action agrees to pay for the legal fees of another.
This provision was amended effective March 1, 1995 to provide in part:
(a) Generally. Each Fee Committee shall, pursuant to these rules, have jurisdiction to arbitrate fee disputes between clients and attorneys. Fee Committees shall also have jurisdiction to arbitrate disputes in which a person other than the client is legally bound to pay for the legal services, except that Fee Committees shall not have jurisdiction of such cases if the obligation arises out of the settlement of a legal action.

[R. 1:20A-2; Emphasis Added.]
The official Comment to the 1995 revision states:
R. 1:20A-2 has been rewritten for clarity. Paragraph (a) states the general jurisdictional powers of fee committees. In addition, the rule now makes clear that the decision of the fee arbitration committee is final and binding on the parties, and that, pursuant to R. 1:20A-3(c), the Board, alone, has appellate jurisdiction in these matters.
Paragraph (a) states initially the general rule that only fee disputes between clients and attorneys are subject to arbitration, with the exception of third-party legal matters where one other than the lawyer's client is legally responsible to pay the legal fee.
[Official Comment to 1995 Revision, R. 1:20A-2.]
*5 The 1995 revision clarifying the earlier provision is helpful in interpreting the earlier rule. See Cobo v. Market Transition Facility, 293 N.J. Super. 374, 680 A.2d 1103 (App.Div. 1996). We, therefore, accept the premise that R. 1:20A-2 grants jurisdiction to the Fee Committees in matters such as this. Cf. Andre Construction Assoc., Inc. v. Catel, Inc., 293 N.J. Super. 452, 681 A.2d 121 (Law Div. 1996). However, this does not compel the conclusion that fee arbitration is mandatory in all circumstances and that this non-attorney-plaintiff was obligated to give defendants pre-action notice of its intent to sue for legal fees. See R. 1:20A-6.
Merely because the Fee Committees have jurisdiction does not necessarily mean that notice and/or arbitration are mandatory. We conclude that arbitration is not mandatory in these circumstances. Under R. 1:20A-3(a)(1), not substantially changed in the 1995 Revision, "[a] fee dispute shall be arbitrated only on the written request of a client or a third party defined by Rule 1:20A-2." We assume defendants meet this definition. However, it is R. 1:20A-6, entitled Pre-Action Notice to Client, that imposes upon attorneys the requirement of notice of the client's right to require arbitration. Under this provision, even as revised in 1995, it is exclusively in the client's control as to whether there will be arbitration. Pressler, Current N.J. Court Rules, comment on R. 1:20A-6. The requirement of pre-action notice is imposed only against a lawyer instituting a suit, which this plaintiff is not. See In re LiVolsi, 85 N.J. 576, 600, 428 A.2d 1268 (1981). We, therefore, conclude it was error to dismiss plaintiff's action for failure to give pre-action notice.
Lastly, we reject plaintiff's argument that as long as the expenditure for legal fees was made in good faith, its reasonableness cannot be placed in issue in an action to compel reimbursement. We do not interpret the indemnity agreement to compel that result as such a conclusion is disfavored. See Cohen v. Radio-Elec. Officers, 275 N.J. Super. 241, 645 A.2d 1248 (App.Div. 1994). *6 Moreover, we are of the view that our courts should reject the view that under an indemnity agreement the obligor has no defense and that even truly unreasonable payments must be reimbursed as long as they are made in good faith. Failure to oversee the reasonableness of such awards could result in inequities if not promote corruption. See Perkins v. Thompson, 551 So.2d 204 (Miss. 1989).
We reverse the dismissal of plaintiff's action and remand for further proceedings.