743 A.2d 349

VICTOR TRENTACOST, PLAINTIFF–APPELLANT, v. CITY OF PASSAIC, DEFENDANT–RESPONDENT.

PAUL M. SALERNO, PLAINTIFF–APPELLANT, v. CITY OF PASSAIC, DEFENDANT–RESPONDENT.

JACK SCHWARTZ, PLAINTIFF–APPELLANT, v. CITY OF PASSAIC, DEFENDANT–RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued December 8, 1999—Decided January 18, 2000.

Before Judges BAIME and BROCHIN.

*John J. Segreto,* argued the cause for appellants (*Segreto & Segreto,* attorneys; *Mr. Segreto,* on the brief).

*Jonathan Rose,* argued the cause for respondent (*Scarinci & Hollenbeck,* attorneys; *Stephen N. Severud,* on the brief).

The opinion of the court was delivered by

BROCHIN, J.A.D.

Plaintiffs Victor Trentacost, Paul Salerno, and Jack Schwartz are retired firefighters formerly employed by defendant City of Passaic. Trentacost and Salerno retired August 1, 1994; Schwartz, September 1, 1994. Trentacost retired as a Battalion Chief; Salerno, as a Deputy Fire Chief; and Schwartz, as a firefighter. Trentacost and Salerno were represented for collective bargaining purposes by the Passaic Fire Officers' Association of the City of Passaic; Schwartz, by the Passaic Firefighters' Association. Each of these plaintiffs instituted a separate action against the City by filing a complaint in the Law Division, Special Civil Part, on or about April 28, 1998. They alleged that collective bargaining agreements which the City had concluded with the Fire Officers' Association on February 1, 1996 and with the Firefighters' Association on May 7, 1996, both retroactive to January 1, 1994, entitled them to increased holiday pay and, based on that increased pay, to augmented pension benefits.

The City moved in the Salerno case "for an Order dismissing the action due to this Court not having jurisdiction to consider the issues raised." The City filed similar motions in the other two cases. In a brief directed to all three of the cases, the City argued in support of its motions to dismiss that plaintiffs' claims arose under Article IX of the Fire Officers' collective bargaining agreement and Article XI of the Firefighters' agreement, the agreements require resort to arbitration, and the Public Employment Relations Commission ("PERC") has sole jurisdiction. The motions to dismiss were granted. Contrary to R. 1:7–4, the motion judge did not state findings of fact or conclusions of law. *See Curtis v. Finneran,* 83 *N.J.* 563, 569–70, 417 *A.*2d 15 (1980); *Pappas v. Board of Adjustment of Leonia,* 254 *N.J.Super.* 52, 61, 603 *A.*2d 65 (App.Div.), *certif. denied,* 130 *N.J.* 9, 611 *A.*2d 648 (1992). We have only the orders entered in the three cases dismissing them on the ground that "this Court does not have jurisdiction to consider the issues raised."

On appeal, plaintiffs argue that the present dispute is not one within the exclusive jurisdiction of PERC, that the grievance procedure is inapplicable, and that arbitration is not mandatory. The City argues the converse of those propositions.

As the Supreme Court explained in the leading case of *Ridgefield Park Education Ass'n v. Ridgefield Park Board of Education*, 78 *N.J.* 144, 153–54, 393 *A.*2d 278 (1978),

> When one party claims that a given dispute is arbitrable under the contract and the other party resists arbitration, the party desiring arbitration should seek an order from the Superior Court compelling arbitration. See *N.J.S.A.* 2A:24–1 *et seq.* Where the trial judge determines that the real controversy is not one of contractual arbitrability, but rather concerns the propriety of the parties negotiating and agreeing on the item in dispute, he should refrain from passing on the merits of that issue.

Whether public employees are entitled to holiday pay is an issue concerning terms and conditions of employment. *See Eagan v. Boyarsky,* 158 *N.J.* 632, 635, 731 *A.*2d 28 (1999); *Kennedy v. Westinghouse Elec. Corp.,* 29 *N.J.Super.* 68, 74, 101 *A.*2d 592 (App.Div.1953), *aff'd,* 16 *N.J.* 280, 108 *A.*2d 409 (1954); *In re Sullivan,* 184 *N.J.Super.* 463, 469, 446 *A.*2d 558 (Law Div.1981). No issue of scope of negotiability or of unfair labor practices is involved. *See N.J.S.A.* 34:13A–5.4(a). Because holiday pay concerns the terms and conditions of employment, a controversy about that issue is mandatorily negotiable and arbitrable. *Ridgefield Park Educ. Ass'n, supra,* 78 *N.J.* at 155, 393 *A.*2d 278. Plaintiffs' claim is that the City breached its collective bargaining agreement, not that it refused to negotiate. The Law Division therefore had jurisdiction and should not have dismissed plaintiffs' complaints.

The Fire Officers' collective bargaining agreement establishes a five-step grievance procedure for resolving disputes about the interpretation or implementation of the agreement. An action under the grievance procedure must be initiated within twelve days after the event giving rise to the grievance has occurred. The first step is to undertake "an earnest effort ... to settle the differences ... for the purpose of resolving the matter informal-

ly." If the matter cannot be resolved within five days after the aggrieved person's "initial discussion with [his] immediate superior," a written grievance must be submitted within seven days thereafter to the Fire Chief or his designee. If those efforts are unsuccessful, the third step is to present the grievance in writing to the Fire Director or his designee. The Director is given ten days to answer the complaint. At the fourth step, a grievant or the Association, if dissatisfied with the Director's decision, may present the grievance to the Business Administrator within five days thereafter. The Business Administrator has twenty days to answer the grievance. At the fifth step, if the grievance is not settled by the action of the Business Administrator, "either party shall have the right to submit the dispute to arbitration, pursuant to Rules and Regulations of the Public Employment Relations Commission." The grievance procedure established by the Firefighters' collective bargaining agreement is similar.

In the present case, plaintiffs' claims for increased holiday pay and augmented pension benefits accrued upon the effective dates of the collective bargaining agreements which were executed on February 1 and May 7, 1996. Insofar as appears from the record before us, plaintiffs asserted those claims for the first time by a letter dated February 21, 1997. A dispute that was arguably subject to the grievance procedure was precipitated by a response from the City dated October 1, 1997, rejecting plaintiffs' claims. According to the literal terms of the collective bargaining agreements, plaintiffs had twelve days after that date within which to initiate a grievance action. The City argues that plaintiffs are barred from any relief because they failed to do so.

Plaintiffs respond that they could not proceed according to the strict terms of the collective bargaining agreements because, by the time their rights accrued and their dispute arose, they were no longer employees. Consequently, they no longer had an "immediate superior" and their grievance was not of the sort that could have been resolved by the Fire Chief or the Director or, probably, by the Business Administrator. Therefore, they argue, they are

not bound by the preliminary steps of the grievance procedure and arbitration is not mandatory unless it is demanded by a party.

■ Plaintiffs' contentions are at least arguable. In addition, this case necessarily raises the issue of the reasonableness, and therefore of the enforceability as applied to this case, of the extremely short time periods established by the collective bargaining agreements. *Cf. Eagle Fire Protection Corp. v. First Indem. of Am. Ins. Co.*, 145 *N.J.* 345, 354, 678 *A.*2d 699 (1996); *McGraw v. Johnson*, 42 *N.J.Super.* 267, 273, 126 *A.*2d 203 (App.Div.1956). That leaves the issue of who should resolve these procedural issues and, if there is no procedural bar to plaintiffs obtaining a remedy, who should decide their claims. The answer is that if a dispute is of a type that is subject to arbitration pursuant to the parties' agreement, all procedural matters, including the application and effect of contractual periods of limitations and the fulfillment *vel non* of conditions precedent to arbitration, should be decided by the arbitrators. *John Wiley & Sons, Inc. v. Livingston*, 376 *U.S.* 543, 557, 84 *S.Ct.* 909, 918, 11 *L.Ed.*2d 898, 909 (1964); *Mahony–Troast Constr. Co. v. Supermarkets Gen. Corp.*, 189 *N.J.Super.* 325, 331, 460 *A.*2d 149 (App.Div.1983); *Casino Distribs., Inc. v. Teamsters Local 331*, 267 *N.J.Super.* 424, 431, 631 *A.*2d 993 (Ch.Div.1993); *Garden State Propane Gas Co. v. International Bhd. of Teamsters*, 156 *N.J.Super.* 102, 107, 383 *A.*2d 473 (Ch.Div.1977); *Fleming v. United Parcel Serv., Inc.*, 255 *N.J.Super.* 108, 133, 604 *A.*2d 657 (Law Div.1992), *aff'd*, 273 *N.J.Super.* 526, 642 *A.*2d 1029 (App.Div.), *certif. denied*, 138 *N.J.* 264, 649 *A.*2d 1285 (1994), *cert. denied*, 516 *U.S.* 847, 116 *S.Ct.* 139, 133 *L.Ed.*2d 85 (1995).

According to the language of the collective bargaining agreements, upon exhaustion of the prior steps of the grievance procedure, "either party shall have the right to submit the dispute to arbitration...." In other words, either party can demand arbitration but, by the terms of the agreements, arbitration is not mandatory unless one party or the other demands it. *See International Fidelity Ins. Co. v. Jones*, 294 *N.J.Super.* 1, 5, 682 *A.*2d

263 (App.Div.1996); *Andre Constr. Assoc., Inc. v. Catel, Inc.*, 293 *N.J.Super.* 452, 455, 681 *A.*2d 121 (Law Div.1996). Up to this point no party to this proceeding has demanded arbitration.

Because of the circumstances of these cases, the parties will have thirty days from the date of our opinion within which to demand arbitration. If arbitration is demanded, the remand court will compel arbitration, pursuant to *N.J.S.A.* 2A:24–3 and –4. In that event, all issues, including the consequences of the failure to exhaust the remedies of the grievance procedure established by the collective bargaining agreements, will be decided by the arbitrators. If neither party demands arbitration within thirty days from the date of our opinion, all issues shall be decided by the court. Any party concerned about whether the relief which will be sought is within the cognizance of the Special Civil Part, *see R.* 6:1–2, may move after remand to have the cases transferred to the Law Division, General Civil Part.

Reversed and remanded to the Law Division, Special Civil Part, for proceedings consistent with this opinion.