17 A.3d 233 (2011)
419 N.J. Super. 375
Mary HYLAND, Plaintiff-Respondent,
v.
TOWNSHIP OF LEBANON, Defendant-Appellant.
No. A-4139-09T2.
Superior Court of New Jersey, Appellate Division.
Argued March 1, 2011.
Decided April 7, 2011.
*234 Philip G. George argued the cause for appellant (Eric M. Bernstein & Associates, L.L.C., attorneys; Eric M. Bernstein, of counsel; Mr. George and Mr. Bernstein, Warren, on the brief).
Francis J. Ballak argued the cause for respondent (Goldenberg, Mackler, Sayegh, Mintz, Pfeffer, Bonchi & Gill, attorneys; Keith A. Bonchi, of counsel; Mr. Ballak, Northfield, Mr. Bonchi, Atlantic City, and Rosann Allen, on the brief).
Before Judges PARRILLO, YANNOTTI and ESPINOSA.
The opinion of the court was delivered by
YANNOTTI, J.A.D.
Defendant Township of Lebanon (Township) appeals from a judgment for plaintiff Mary Hyland in the amount of $5038.14, which was entered by the Law Division on March 31, 2010. We affirm.

I.
On October 15, 2003, the Township adopted Resolution No. 105-2003, appointing plaintiff to the position of tax collector. The resolution stated that plaintiff would work nineteen hours per week at certain specified times. The resolution also stated that plaintiff would be paid a salary of $32,000, and she would receive forty percent of the number of vacation days, sick days and personal days to which full-time employees were entitled.
Plaintiff has held the position since 2003, and acquired tenure pursuant to N.J.S.A. 40A:9-145.8. Moreover, in the years since 2003, plaintiff has received the same annual increases that were given to other Township employees, in accordance with the Collective Bargaining Agreement (CBA) between the Township and Blue and White Collar Unit Local 1040 of the Communications Workers of America (Local 1040).
In October 2008, the Township determined that plaintiff should not have been granted paid leave for vacation, sick and personal days, because the CBA only grants such compensation to persons who work twenty or more hours per week. On October 15, 2008, the Township Committee adopted a resolution, which amended any previously adopted resolutions granting paid vacation, sick and personal days to any of the Township's employees who work less than twenty hours per week, including plaintiff.
On November 20, 2008, plaintiff filed an action in lieu of prerogative writs in the Law Division. She alleged that the Township's October 15, 2008, resolution was void because it reduced her salary, in violation of N.J.S.A. 40A:9-165. Plaintiff also alleged that the October 15, 2008, resolution constituted a breach of the agreement under which she had been appointed to serve as tax collector.
In addition, plaintiff claimed that the elimination of compensation for vacation, sick and personal days was "unilateral discipline" that the Township had imposed *235 without a hearing. Plaintiff further alleged that the Township should be estopped from refusing to pay her for vacation, sick and personal days because she had relied upon the Township's agreement that she would be compensated for such days.
Thereafter, the Township filed a motion for joinder of Local 1040 as a party. The Township argued that plaintiff was an "employee" covered by the CBA and, therefore, Local 1040 was an indispensable party in the lawsuit. The trial court denied the motion, finding that plaintiff could be afforded complete relief in the case without joining the union as a party.
In an opinion dated April 3, 2009, the court stated that, while the Township had argued that Local 1040 had an interest in the matter, there was "no indication that this is not an isolated incident involving a statutory peculiarity that only affects plaintiff individually." The court entered an order dated April 3, 2009, memorializing its decision.
Plaintiff later filed a motion for summary judgment. She argued that the Township's October 15, 2008, ordinance violated N.J.S.A. 40A:9-165 because it reduced her salary. She also maintained that the resolution was a breach of the contract under which she was appointed, which gave her a "fixed" entitlement to paid vacation, sick and personal days. In addition, plaintiff argued that the Township was estopped from refusing to pay her for vacation, sick and personal days.
The Township opposed plaintiff's motion and filed a cross-motion for summary judgment. The Township argued that the New Jersey Public Employee Relations Commission (PERC) has jurisdiction in the matter, as provided by the New Jersey Employer-Employee Relations Act (the Act), N.J.S.A. 34:13A-1 to -39. The Township further argued that it made a mistake in agreeing to pay plaintiff for vacation, sick and personal time because that agreement was in conflict with the CBA. The Township maintained that the elimination of such compensation did not violate N.J.S.A. 40A:9-165.
The trial court addressed the motions in a written opinion dated October 9, 2009. The court found that it had jurisdiction to entertain plaintiff's claims because the matter presented "a purely legal issue" for the court to address, specifically, whether N.J.S.A. 40A:9-165 barred the Township from adopting the 2008 resolution. The court also found that plaintiff was not a member of the union covering municipal workers, and a person holding the position of tax collector is not included in the bargaining unit over which PERC has jurisdiction.
The court additionally noted that N.J.S.A. 40A:9-165 precludes a municipality from reducing the "salary" of a tax collector during the term in which the tax collector has been appointed. The court found that "sick days and other financial benefits are a form of compensation akin to salary for purposes of the statute." The court stated that the Township's reliance upon the CBA as support for the elimination of plaintiff's compensation for vacation, sick and personal time was misplaced because plaintiff was not covered by that agreement. The court also stated that the Township's "mistake" in passing a resolution that contradicted the CBA "should not be borne" by plaintiff.
The court therefore concluded that plaintiff's motion for summary judgment should be granted, and the Township's cross-motion denied. The court stated that the amount of damages would be resolved in a later proceeding. The court entered orders dated October 7, 2009, memorializing its decisions on the motions.
*236 Thereafter, the parties could not agree on the amount of damages plaintiff was entitled to receive under the court's ruling. Accordingly, the parties submitted certifications to the court, with their respective calculations on damages. The court issued an addendum to its earlier order, finding that plaintiff had sustained $5038.14 in damages. On March 31, 2010, the court entered judgment for plaintiff in that amount. This appeal followed.

II.
The Township argues that the trial court did not have jurisdiction to entertain plaintiff's complaint because PERC has jurisdiction in this dispute. We disagree.
The Act identifies certain "unfair practices," and provides that PERC shall have the "exclusive power" to prevent anyone from engaging in such practices. N.J.S.A. 34:13A-5.4(c). The Act further provides that PERC has "the power and duty, upon the request of any public employer or majority representative, to make a determination as to whether a matter in dispute is within the scope of collective negotiations." N.J.S.A. 34:13A-5.4(d).
The claims asserted by plaintiff in her complaint do not, however, implicate PERC's exclusive jurisdiction under N.J.S.A. 34:13A-5.4. In this case, plaintiff is not asserting that the Township engaged in any "unfair practice" as defined in N.J.S.A. 34:13A-5.4(a), nor does she claim that the Township has refused to negotiate over any term or condition of her employment.
Rather, plaintiff alleges that the Township violated her rights under N.J.S.A. 40A:9-165 and her contract by refusing to pay her for vacation, sick and personal days. In our view, such claims are not within PERC's exclusive jurisdiction under N.J.S.A. 34:13A-5.4.
Our decision in Trentacost v. City of Passaic, 327 N.J.Super. 320, 743 A.2d 349 (App.Div.2000), supports this conclusion. There, the plaintiffs were retired firefighters who had been employed by the City of Passaic (City). Id. at 322, 743 A.2d 349. The plaintiffs filed actions in the Law Division in which they alleged that they were entitled to augmented pension benefits under collective bargaining agreements that the City entered into after they retired, which granted employees increased holiday pay. Ibid.
The City argued that PERC had exclusive jurisdiction in the dispute. Ibid. We disagreed. Id. at 323, 743 A.2d 349. We noted that holiday pay is a term and condition of employment, and the plaintiffs did not raise any issue as to the scope of negotiability or unfair labor practice. Ibid. We stated that the plaintiffs claimed that the City breached its agreement with them, not that it had refused to negotiate concerning the terms and conditions of employment. Ibid. We concluded that the Law Division had jurisdiction to entertain the complaint. Ibid.
The Township argues that PERC should decide whether plaintiff is included in the bargaining unit covering its employees and whether she is bound by the terms of the CBA. We do not agree. Here, the Township appointed plaintiff to the position of tax collector, required that she work nineteen hours a week and agreed to compensate her for a specified number of vacation, sick and personal days. The Township agreed to do so even though the CBA in effect at the time did not provide such compensation for employees who work less than twenty hours a week.
When it appointed plaintiff as tax collector, the Township did not assert that plaintiff was a member of the bargaining unit for its workers and never claimed that she was bound by the CBA. The Township did *237 not seek a PERC decision on this issue. Some five years later, for reasons that are not clear on this record, the Township decided that it made a mistake and plaintiff was, in fact, a member of the bargaining unit and covered by the CBA. Despite its earlier agreement to compensate plaintiff for a specified number of vacation, sick and personal days, the Township decided that she was no longer entitled to such compensation under the CBA.
We are convinced that plaintiff's claims arise from the agreement that the Township made with plaintiff in 2003, not the CBA. Thus, plaintiff's claims that the Township breached the 2003 agreement and violated N.J.S.A. 40A:9-165 by refusing to pay her for vacation, sick and personal days did not raise issues within PERC's exclusive jurisdiction under N.J.S.A. 34:13A-5.4. Accordingly, we are satisfied that the trial court did not err by exercising jurisdiction in this matter.

III.
We turn to the Township's argument that the trial court erred by finding that it violated N.J.S.A. 40A:9-165 when it refused to continue to compensate plaintiff for vacation, sick and personal leave. The Township contends that N.J.S.A. 40A:9-165 does not preclude it from changing the terms of the 2003 resolution appointing plaintiff as tax collector and eliminating the compensation provided under that resolution for vacation, sick and personal days. Again, we disagree.
N.J.S.A. 40A:9-141 provides that a municipality "by ordinance, shall provide for the appointment of a municipal tax collector and the compensation of the tax collector shall be fixed in the manner otherwise provided by law." N.J.S.A. 40A:9-165 states that, by ordinance, the governing body of a municipality "shall fix and determine the salaries, wages or compensation to be paid to the officers and employees of the municipality[.]" The statute also states that "[s]alaries, wages or compensation" as fixed by ordinance
may, from time to time, be increased, decreased or altered by ordinance. No such ordinance shall reduce the salary of, or deny without good cause an increase in salary given to all other municipal officers and employees to, any tax assessor, chief financial officer, tax collector or municipal clerk during the term for which he shall have been appointed.
[Ibid.]
In Carlson v. City of Hackensack, 410 N.J.Super. 491, 983 A.2d 203 (App.Div. 2009), we considered whether the City violated N.J.S.A. 40A:9-165 when it converted the tax assessor's position from full-time to part-time, reduced the assessor's salary and eliminated his health benefits. Id. at 493-94, 983 A.2d 203. The City argued that it had not violated N.J.S.A. 40A:9-165 because it had reduced the assessor's salary commensurate with the reduction in his weekly work hours. Id. at 494, 983 A.2d 203. The trial court rejected the City's contention, granted the plaintiff's motion for summary judgment and awarded him back pay. Ibid.
We affirmed, finding that N.J.S.A. 40A:9-165 "explicitly prohibits a municipality from decreasing the salaries of four categories of employees, one of which is the tax assessor." Id. at 496, 983 A.2d 203. We said that, "[w]ith that statutory framework in place, `assessors can carry out their responsibilities free from political pressure and secure in the knowledge that, if they perform their responsibilities as assessors honestly and completely, they need not fear reprisals nor retaliation from municipal officials.'" Id. at 499-500, 983 A.2d 203 (quoting Ass'n of Mun. Assessors *238 of N.J. v. Twp. of Mullica, 225 N.J.Super. 475, 481-82, 542 A.2d 970 (Law Div.1988)).
We rejected the City's contention that N.J.S.A. 40A:9-165 should be read in pari material with N.J.S.A. 40A:9-146, which allows a municipality to set the total number of weekly work hours of the tax assessors "commensurate with the compensation paid to the tax assessor." Id. at 496-97, 983 A.2d 203. The City argued that N.J.S.A. 40A:9-146 reflected the Legislature's intent to modify N.J.S.A. 40A:9-165, thereby authorizing a municipality to reduce a tax assessor's weekly work hours and decreasing the assessor's salary commensurate with the reduction in work hours. Id. at 497, 983 A.2d 203. We determined that N.J.S.A. 40A:9-165 was clear and unambiguous, and N.J.S.A. 40A:9-146 did not modify that statutory bar. Id. at 497-98, 983 A.2d 203.
Here, the trial court found that the term "salary," as it appears in N.J.S.A. 40A:9-165, includes payments for vacation, sick and personal days because such payments are "financial benefits . . . akin to salary for purposes of the statute." The court stated that excluding vacation, sick and personal days from the statutory bar would elevate form over substance. The court also noted that the purpose of N.J.S.A. 40A:9-165 is to protect tax collectors and the other named officers from economic discrimination and "[s]uch discrimination may as readily occur through the grant or denial of vacation and sick days as a change in wages."
The Township argues that the court erred in equating payment for vacation, sick and personal days with salary. However, as we stated previously, N.J.S.A. 40A:9-165 directs that municipalities fix by ordinance the "salaries, wages or compensation" to be paid to its officers and employees. The statute further provides that a municipality may by ordinance increase or decrease the "[s]alaries, wages or compensation" previously established by ordinance, but precludes the municipality from reducing the "salary" of the tax assessor, chief financial officer, tax collector or municipal clerk, or denying an increase in "salary" to these four officers if such an increase is given to other municipal offices and employees.
Although the statutory bar applies specifically to "salary" rather than "salaries, wages or compensation," there is no indication that the Legislature intended to limit the statutory bar to the base salary paid to the four named officers and to exclude from its scope other forms of compensation such as payments for vacation days, sick leave and personal time, particularly when such compensation directly relates to the amount of salary paid to these officers. Indeed, the relevant language is part of a statute that pertains generally to establishment and reduction of "salaries, wages or compensation" paid to municipal officers and employees.
Furthermore, as the trial court pointed out in its decision, applying the statutory bar to vacation days, sick and personal days is consistent with the Legislative purpose in enacting this law, which is to protect the four named officers from "economic discrimination regardless of whether it is politically motivated." Haus v. Mayor of Borough of S. Plainfield, 237 N.J.Super. 558, 562, 568 A.2d 569 (App.Div.1990).
Such "economic discrimination" can take the form of a reduction in work hours, with a commensurate reduction in salary, as was the case in Carlson. It also can take the form of eliminating payment for vacation days, sick leave and personal time, as occurred here. In the latter situation, the official who takes vacation, gets sick or requires personal leave will receive less salary than he or she would otherwise receive if paid for such leave time. In our *239 view, such a change constitutes a reduction in salary in violation of N.J.S.A. 40A:9-165.
The Township argues, however, that this case is distinguishable from Carlson because the CBA pre-dated plaintiff's appointment as tax collector. The Township contends that it mistakenly agreed to pay plaintiff for vacation, sick and personal days because the CBA does not provide such compensation for employees who work less than twenty hours a week.
Even if we were to agree with the Township that the person holding the position of tax collector is included in the Local 1040 bargaining unit, the fact remains that, mistake or otherwise, the Township agreed to pay plaintiff for forty percent of the vacation days, sick leave and personal time to which other municipal employees are entitled. Having done so, the Township was required to comply with N.J.S.A. 40A:9-165. The statute precluded the Township from eliminating the compensation for vacation, sick and personal days that the Township had agreed to pay plaintiff.
Affirmed.